THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CLIFFORD SMITH, Defendant-Appellant.

(No. 74-230;

Third District—November 21, 1975.

Mark Burkhalter and James Geis, both of State Appellate Defender's Office, of Ottawa, for appellant.

Michael Mihm, State's Attorney, of Peoria (F. Stewart Merdian and Edward N. Morris, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

Defendant was indicted for intimidation in violation of section 12—6 of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, § 12—6), and for communicating with a witness in violation of section 32—4(b) of the Code (Ill. Rev. Stat. 1973, ch. 38 § 32—4(b)) by reason of having threatened to kill one Joseph Scherff should the latter testify against him in another pending criminal cause. An initial hearing resulted in a mistrial. Thereafter the cause was set for hearing before another judge and proceeded to hearing on February 11, 1974. Defendant invoked his

constitutional right of self-representation (as he had done at the earlier trial), and after admonitions by the court, was permitted to proceed *pro se.* The jury returned verdicts against defendant on both charges. Following post-trial motions and a sentencing hearing, judgments were entered on the verdicts, but both offenses having resulted from the same conduct, defendant was sentenced only for the greater offense of intimidation for a term of not less than 3 nor more than 10 years in the penitentiary. Defendant appeals.

■■ It is argued that it was error for the circuit court to have permitted defendant to commence and continue representing himself where it was or became obvious that defendant was unable to do so, and that because of the court's failure, sua sponte, to hold a competency hearing, defendant was denied a fair trial. Defendant had a constitutional right to represent himself, *pro se.* (*Faretta v. California,* 422 U.S. 806, 45 L.Ed.2d 562, 95 S.Ct. 2525 (1975).) We agree that that right is subject to forfeiture in instances where a defendant, after being warned of the consequences, continues a pattern of disruption, so that the trial cannot proceed in orderly fashion without removing him from the courtroom. (*Illinois v. Allen,* 397 U.S. 337, 25 L.Ed.2d 353, 90 S.Ct. 1057 (1970); *People v. Heidelberg,* 33 Ill.App.3d 574 (1975).) The record here demonstrates no such conduct, however. Defendant was entirely orderly in the presentation of his case, and abided every court ruling. He claimed to have studied law informally for 12 years, including during a period he was previously confined to the penitentiary. The only indication made in the record on the matter of defendant's competency was from testimony that during a previous trial, on these or other charges, he had been found competent. Mr. Justice Douglas, in *Mayberry v. Pennsylvania,* 400 U.S. 455, 27 L.Ed.2d 532, 91 S.Ct. 499 (1971), appropriately commented that "Laymen foolishly trying to defend themselves [of serious charges] may understandably create awkward and embarrassing scenes." While lawyers might differ in their appraisals of defendant's *pro se* representation here, and as to whether or how much of it, if any, was awkward or embarrassing, or carefully calculated, such arguments may not be elevated to the status of proof or notice that defendant's competence was doubtful, and here the defendant created no disruptive scenes. Upon questioning by the court, defendant indicated that he was both physically and mentally able to conduct a three-day trial without assistance of counsel, and rejected the proposal that any lawyer should sit with him in an advisory capacity. A defendant who knowingly and voluntarily waives his right to counsel cannot be heard to complain that his *pro se* representation prevented him from receiving effective repre-

sentation of counsel or a fair trial. *People v. Murphy*, 3 Ill.App.3d 345, 277 N.E.2d 721 (4th Dist. 1972). See *People v. Richardson*, 17 Ill.2d 253, 161 N.E.2d 268, 272 (1959).

■■ It is argued, however, that defendant did not knowingly and voluntarily waive counsel since the court failed to admonish defendant as to the minimum and maximum sentences prescribed by law for the alleged charges, as required by Supreme Court Rule 401(a) (Ill. Rev. Stat., ch. 110A, § 401(a)). We believe the record evidences adequate compliance with the requirements of the rule. Defendant had earlier been represented by retained counsel and by the public defender; he discharged both. The court admonished him of the seriousness of the charges, that they involved felonies for which he could be incarcerated in the penitentiary. Defendant represented to the court that he had "quite a bit of study in law" and that matters he had brought out on the previous trial, "which some people considered prejudicial to his case," was "part of his strategy" and had resulted in a mistrial. This time, he assured the judge, it will be different. He asserted that he knew his case better than any lawyer and wanted none sitting at counsel table with him in any capacity. He expressly invoked his constitutional right to defend himself. While the record does not disclose that the court expressly stated the potential minimum and maximum terms for the alleged offenses, we think it plain that defendant's waiver of counsel was made knowingly and voluntarily and there is no claim made that defendant was actually unaware of the potential penalties. In this respect, the alleged deficiency in the court's admonition was harmless. *People v. Roberts*, 27 Ill.App.3d 489, 326 N.E.2d 116 (3rd Dist. 1975). See *People v. Krantz*, 58 Ill.2d 187, 317 N.E.2d 559, 563 (1974).

■■ All parties to this appeal agree that since defendant was found guilty of two offenses resulting from the same conduct, the judgment entered on the verdict for the lesser offense, even though no sentence was imposed for it, must be reversed. (*People v. Lilly*, 56 Ill.2d 493, 309 N.E. 2d 1 (1974).) Accordingly the judgment and sentence is affirmed as to the conviction for intimidation; the judgment is reversed and vacated as to the charge of communicating with a witness.

Affirmed in part and reversed and vacated in part.

STOUDER and STENGEL, JJ., concur.