THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM JACKSON, a/k/a William Johnson, Defendant-Appellant.

First District (4th Division) No. 77-350

▇▇▇▇▇▇

Opinion filed April 27, 1978.

▇▇▇▇▇▇▇▇▇▇▇▇▇▇

Ralph Ruebner and Kathy M. Morris, both of State Appellate Defender's Office, of Elgin, for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, Iris E. Sholder, and Marva W. Cohen, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

Defendant, William Jackson, was convicted by the circuit court of Cook County, following a bench trial, of burglary and sentenced to one to three years in the penitentiary. (Ill. Rev. Stat. 1975, ch. 38, par. 19—1.) Defendant contends his conviction should be reversed because his waiver of counsel was not knowingly and intelligently made in accordance with the Federal Constitution and intelligently made in accordance with the Federal Constitution or with Supreme Court Rule 401(a). (Ill. Rev. Stat. 1975, ch. 110A, par. 401(a).) Defendant, *pro se*, has also filed a brief in this court in which he reiterates a claim he made in the trial court, that he was previously convicted and sentenced to probation for the same offense, and he questions the sufficiency of the evidence.

The record shows that the offense defendant was charged with having

committed took place on August 11, 1975. Defendant was arrested on August 12, 1975, and was continually in custody from then until his conviction. On August 12, 1975, a burglary complaint was filed in the municipal court under case No. 855545, charging defendant with burglary of a building at 1252 North Wells, Chicago, on August 11, 1975. Defendant appeared in court concerning this complaint on several occasions until there was a finding of probable cause and he was bound over to the grand jury. On October 24, 1975, defendant was arraigned and the public defender was appointed as his counsel. Reports of proceedings contained in the record show that defendant appeared in court represented by an assistant public defender. Apparently plea negotiations were conducted, and defendant was advised the State would recommend a one- to three-year term upon a plea of guilty. However, defendant was dissatisifed with his counsel and on February 11, 1976, against the advice of the trial court, he discharged the public defender as his attorney.

During the pretrial proceedings a question was raised concerning defendant's competency, because following a conference on the charge, defendant did not seem to understand what was happening. Defendant was then examined at the Psychiatric Institute of the circuit court of Cook County, upon court order. A report was then filed based upon a recent examination of defendant; it was determined defendant understood the charge pending against him and was able to cooperate with his counsel.

On several occasions prior to and during trial, the trial court pointed out to the defendant that in its opinion, defendant had not chosen a wise course in defending himself. In addition, the record shows defendant was furnished with discovery materials previously furnished to the public defender, including a transcript of the grand jury proceedings and arrest reports. Defendant used these documents, particularly the police reports, in his cross-examination of several of the State's witnesses.

The evidence at trial established the two arresting officers were en route to a report of a disturbance when they observed defendant about a block from the burglarized premises carrying a television set. Defendant was also bleeding. The police officers continued to the scene of the burglary, where they observed a steel grating had been removed and a window, smeared with blood, had been broken. The window display contained television sets, and there was an open space suggesting a television set had possibly been removed. The police officers then returned to the place where they had seen defendant, and upon their approach defendant dropped the television set and began to walk away before he was arrested. The proprietor of the premises at 1252 North Wells Street, a television repair shop, identified the television defendant had been carrying as one taken from his display window, and it was admitted into evidence at trial.

Defendant testified he was standing in front of 1160 North Sedgwick

with a group of men and women, when the officers arrested him. He claimed he cut his hand during an argument with another man when he fell on the ground and scratched it on a nail.

Defendant claimed an oriental gentleman, who lived above the television store, had told police at the scene of the crime that defendant was not the man who broke the window and entered the premises. At the request of defendant, this witness was subpoenaed but his testimony did not support defendant's claim. There was also a suggestion an unidentified woman had seen a man fitting defendant's description break the store window, but the police did not know her identity, and it was, therefore, impossible to subpoena her or obtain her presence at the trial.

During trial, defendant repeatedly claimed he was previously tried for this burglary charge, found guilty and sentenced to one year probation. The court ordered various transcripts of proceedings prepared in order to clarify this matter. From what can be ascertained from the record, it appears as a result of this burglary charge on August 11, 1976, a petition alleging a violation of a prior probation was filed. However, through some mixup this petition was dismissed, when the clerk of the court before whom the violation of probation was pending was incorrectly informed this burglary charge (Indictment 75-6573) had been dismissed. Defendant continually claimed to be confused about this issue. Although the trial court expressed some doubt whether defendant really was confused, in light of his familiarity with criminal trial procedures, it ordered the transcripts, which did not establish defendant was ever tried for this offense.

The only evidence supporting defendant's claim he had previously been tried for this same offense is defendant's testimony. That testimony is contradicted by the records in this case and is not supported by any other evidence.

■■ Moreover, the evidence was sufficient, if believed by the trier of fact, to prove defendant guilty of burglary beyond a reasonable doubt. In a bench trial, it is the function of the trial court to determine the weight and credibility of the testimony and to resolve any conflicts in the testimony. (*People v. Reese* (1973), 54 Ill. 2d 51, 57-58, 294 N.E.2d 288.) It is obvious that the trial court believed the police officers and not defendant. Defendant was proved guilty of burglary beyond a reasonable doubt.

The sole contention in the brief of appellate counsel is defendant did not knowingly and intelligently waive his right to counsel. (*Faretta v. California* (1975), 422 U.S. 806, 45 L. Ed. 2d 562, 95 S. Ct. 2525.) It is argued the trial court did not comply with the provisions of Supreme Court Rule 401(a) (Ill. Rev. Stat. 1975, ch. 110A, par. 401(a)) which provide:

> "(a) Waiver of Counsel. Any waiver of counsel shall be in open

court. The court shall not permit a waiver of counsel by a person accused of an offense punishable by imprisonment without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:

(1) the nature of the charge;

(2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences; and

(3) that he has a right to counsel and, if he is indigent, to have counsel appointed for him by the court."

■■ It is apparent this is not the usual case in which Rule 401(a) is at issue. Although the record is not clear whether defendant was represented in earlier stages of the proceedings, the record shows counsel was appointed for defendant at arraignment on October 24, 1975. Thus, while the record before the court does not show the trial court explicitly advised defendant he had a right to counsel and if indigent to appointed counsel, the court repeatedly offered to "appoint" counsel before trial, when trial began on March 29, 1976, and during trial. We conclude defendant understood this right to counsel because he had in fact been represented by the public defender of Cook County, without charge, until he discharged him on February 11, 1976. And subsequent to this date the court appointed the public defender to "assist" defendant prior to trial.

■■ The record also shows the trial court frequently referred to the charge by name and defendant received a copy of the charges. This has been held to constitute sufficient compliance concerning explanation of the charges to an accused. (*People v. Glass* (1977), 49 Ill. App. 3d 617, 620, 364 N.E.2d 405; *cf. People v. Willis* (1977), 50 Ill. App. 3d 498, 501-02, 365 N.E.2d 597.) Moreover, the psychiatric report advised defendant was aware of the offense; there is ample basis to show defendant knew the nature of the charge.

■ The record does not show the trial court specifically advised defendant concerning the minimum and maximum sentence prescribed by law. However, at the defendant's request, a conference on the record was held at which defendant's past background was discussed. The State had offered to recommend a one- to three-year sentence for a plea of guilty. After listening to defendant's past history and offering defendant the opportunity to speak in mitigation, the trial court said it considered the State's offer to be fair and, in light of defendant's past record, probation would not be considered, even upon a guilty plea. Under these circumstances, and in light of defendant's lengthy record and his familiarity with criminal law and procedure, which he demonstrated throughout the trial, we find defendant was not prejudiced and any lack

of precise conformity to Rule 401(a) in regard to an exact explanation of the sentence was harmless. *People v. Smith* (1975), 33 Ill. App. 3d 725, 338 N.E.2d 207.

Moreover, the claim the trial court did not fully apprise defendant of his rights, that the court "conducted no more than a routine inquiry," and defendant was baffled by the proceedings believing he had previously been given probation for this offense is without basis. Defendant was no stranger to criminal proceedings. In fact he was quite familiar with them. His conduct of the defense demonstrated his intricate knowledge of court proceedings and his familiarity with court records. This knowledge was demonstrated by defendant's skillful but unavailing attempt to claim he had already been discharged of the burglary offense. The record shows, as the defendant stated to the court, he thought he could defend himself better. Considering the entire record, we conclude defendant knowingly and intelligently waived his right to counsel. *People v. Motis* (1962), 23 Ill. 2d 556, 559-60, 179 N.E.2d 637; *cf. United States ex rel. Smith v. Pavich* (7th Cir. 1978), 568 F.2d 33.

For the reasons given, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

JOHNSON, P. J., and ROMITI, J., concur.