THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JESUS FELICIANO, Defendant-Appellant.

First District (1st Division)    No. 80-1135

Opinion filed February 23, 1981.

Linda R. Crohn, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Marcia B. Orr, Joel A. Stein, and Deborah M. Dooling, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

Defendant, Jesus Feliciano, was charged with one count of battery. After a bench trial in the circuit court of Cook County, defendant was found guilty and sentenced to six months in the House of Corrections.

On appeal, defendant contends, among other things, that the trial court erred in accepting his waiver of his right to counsel in that his waiver was not knowingly and intelligently made. Because we agree, it is not necessary to consider the defendant's other contentions.

The record reflects that defendant appeared without benefit of counsel when his case was called. The following colloquy occurred:

"THE COURT: Are you ready for trial today?

MR. FELICIANO: Yes.

THE COURT: You are charged with battery. Do you have a lawyer?

MR. FELICIANO: No.

Q. Do you realize, if convicted on a charge of battery, it carries a maximum sentence of one year in jail, or a fine of $1,000, and therefore, under the law, you are entitled to a lawyer to represent you?

A. Yes.

Q. Do you want time to get a lawyer? That is your right. You want to go to trial without a lawyer?

A. Yes.

THE COURT: You want to prosecute him?

[COMPLAINING WITNESS]: Yes, sir.

THE COURT: Why don't you want a lawyer?

A. Well, because it wasn't intentional what happened.

THE COURT: That is your defense. What if I find it was intentional, and then you go to jail? Right, you don't even want to confer with a lawyer?

A. I talked to my boss. I talked to a lawyer, and he said that, uh, to go ahead, and try to do it myself.

Q. Who is your lawyer?

A. Zalewski.

Q. Well, the problem you have here, is that it was not intentional? There is the individual who is complaining, who must feel it was intentional, because he wants to prosecute you.

You must know your rights. If you go to trial without a lawyer, you must realize that if you waive your right to an attorney, okay, even if you don't have an attorney, if I feel the State sufficiently proves their case beyond a reasonable doubt, I make a finding of guilty, and it calls for jail, I will send you to jail. Do you understand that?

A. Yes, sir.

Q. You understand you can get a maximum of 364 days, and a minimum of one day in jail, you understand that?

A. Yes, sir.

Q. You understand you could also get a fine of $1000?

A. Yes, sir.

Q. All right. You also understand that, under the law, since this is a criminal charge, that you are entitled to a trial by Jury?

A. Yes.

Q. You wish to have a trial by Jury?

A. No, sir.

Q. You want to be tried by this Court, and you waive your right to a trial by Jury?

A. Yes.

Q. You don't want a lawyer to represent you?

A. No.

Q. Knowing full well, you could be sent to jail if convicted?

A. Yes."

The issue is whether this admonition of the trial court fulfilled the requirements of Supreme Court Rule 401(a) (Ill. Rev. Stat. 1979, ch. 110A, par. 401(a)), which was designed to provide simple, minimum guidelines for advising a defendant of the right to counsel and the implications of the trial before him. (*People v. Brown* (1980), 80 Ill. App. 3d 616, 399 N.E.2d 1374.) Rule 401(a) requires:

"Any waiver of counsel shall be in open court. The court shall not permit a waiver of counsel by a person accused of an offense punishable by imprisonment without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:

(1) the nature of the charge;

(2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences; and

(3) that he has a right to counsel and, if he is indigent, to have counsel appointed for him by the court." Ill. Rev. Stat. 1979, ch. 110A, par. 401(a).

The purpose of Rule 401(a) is "to provide a procedure which will eliminate any doubt that a defendant understands the nature and consequences of the charge against him before a trial court accepts his waiver of the right to counsel; it is a procedure that precludes a defendant from waiving assistance of counsel without full knowledge and understanding." *People v. Lindsey* (1974), 17 Ill. App. 3d 137, 140, 308 N.E.2d 111. See *People v. Schrodt* (1972), 8 Ill. App. 3d 660, 289 N.E.2d 652; *People v. Brown.*

■■ It is well established that a finding of waiver of counsel is not to be made lightly. (*People v. Templeton* (1978), 60 Ill. App. 3d 711, 377 N.E.2d 228; *People v. McMurray* (1977), 55 Ill. App. 3d 581, 371 N.E.2d 46; *People v. Melvin* (1975), 28 Ill. App. 3d 1090, 329 N.E.2d 890.) A finding of waiver will not be made unless it appears from the record that at each critical stage of the proceeding the trial judge specifically offered, and the

accused knowingly and understandingly rejected, the representation of appointed counsel. *People v. Hessenauer* (1970), 45 Ill. 2d 63, 256 N.E.2d 791; *People v. Bush* (1965), 32 Ill. 2d 484, 207 N.E.2d 446.

■■ More than a routine inquiry is required to make this determination (*People v. Bush*), and any waiver of counsel should be carefully scrutinized to preserve the free exercise of other constitutional rights in the criminal process. (*People v. Heral* (1976), 62 Ill. 2d 329, 342 N.E.2d 34.) Thus, a routine inquiry whether an accused wants an attorney, without specifically advising the accused that, if he is indigent and desires to be represented by counsel, one will be provided for him, is insufficient. (*People v. Wright* (1976), 41 Ill. App. 3d 364, 353 N.E.2d 711; *People v. Slaten* (1973), 13 Ill. App. 3d 317, 300 N.E.2d 46.) It is apparent from the record set out above that defendant was not specifically so advised.

■■ The State argues that the record reflects a substantial compliance with Rule 401(a). As we recently held in *People v. Brown* (1980), 80 Ill. App. 3d 616, 399 N.E.2d 1374, Rule 401(a) mandates that the record affirmatively demonstrate that the defendant was given the requisite warnings, and substantial compliance with Rule 401(a) is insufficient to safeguard a defendant's constitutional rights to counsel. See also *People v. Myles* (1980), 83 Ill. App. 3d 843, 404 N.E.2d 385; *People v. Woods* (1980), 84 Ill. App. 3d 938, 405 N.E.2d 1238.

Because defendant was not specifically advised of his right to appointed counsel if he was indigent, his waiver of counsel was not knowingly and intelligently made.

The judgment of the circuit court of Cook County is reversed and the cause remanded for a new trial.

Reversed and remanded.

McGLOON and CAMPBELL, JJ., concur.