THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ORACIO MONTOYA, Defendant-Appellant.

Second District    No. 79-772

Opinion filed March 4, 1981.

Mary Robinson and Kyle Wesendorf, both of State Appellate Defender's Office, of Elgin, for appellant.

John Maville, State's Attorney, of Belvidere (Phyllis J. Perko and Cynthia N. Schneider, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE UNVERZAGT delivered the opinion of the court:

The defendant was convicted in the circuit court of Boone County of obstructing a peace officer and of criminal trespass to land. He was sentenced to serve one year conditional discharge with 30 days to be served in the county jail.

The defendant became drunk in a tavern and was requested by the tavern manager to leave because he was using profane language. He refused to leave, and the police were called. He was escorted out of the tavern by a police officer and taken to the police station. At the station he was asked to empty his pockets, which he refused to do and, according to

police testimony, struck the officer in the face. He was charged with criminal trespass to land and obstructing a peace officer.

Subsequently the defendant was arraigned, pleaded not guilty and asked for a jury trial. He stated he did not need a lawyer and did not want one. The following colloquy occurred at the preliminary hearing:

"THE COURT: Show the Defendant present and Mr. Maville for the State. The reason for the hearing today is that you have entered a plea of not guilty and you have not waived a jury trial. In other words, the case is set down for trial by a jury. If you wish to waive a jury trial today I will give you a specific date to come back to court. Interpreter, Bertha Isalque, also present.

DEFENDANT: You give me a specific date already. This is why I came here today.

THE COURT: This is because you have not waived a jury trial. That was some other Judge that set this date. Now, you can plead not guilty to the charge or you can plead guilty to it. The question I have is, do you want to have a trial by a Judge or by a Jury?

DEFENDANT: By Jury.

THE COURT: A trial by jury is complicated if you do not have a lawyer.

DEFENDANT: I do not need a lawyer. The case is very simple.

THE COURT: It is going to be very difficult for you to try a case with a jury if you do not have a lawyer. If you were trying it by a Judge it might be easier. You were in here before with a trial by a Judge, were you not?

DEFENDANT: Yes.

THE COURT: You still want to have a Jury trial?

DEFENDANT: Yes.

THE COURT: Mr. Maville, Mr. Montoya and I have gone over this situation and he wishes to have a trial by a Jury in Criminal Trespass to Land and Obstructing a Peace Officer. I see very minimal information in Obstructing a Police Officer in that they did not write in what it was.

MR. MAVILLE [State's Attorney]: In talking to Mr. Grubb he informed me he intends to ask for full time on this. He feels very strongly about the case.

THE COURT: So you want to have a trial?

MR. MAVILLE: Yes sir.

THE COURT: Mr. Montoya, as I told you before I would advise that you be represented by an Attorney in this case. Do you intend to employ an Attorney?

DEFENDANT: No.

THE COURT: Are you working?

DEFENDANT: No.

THE COURT: You are not working?

DEFENDANT: No.

THE COURT: Where were you working?

DEFENDANT: I will answer all these questions if you give me another time for the trial.

THE COURT: The trial date is October 2nd. I am trying to find out if you are able to have an Attorney. Do you want an Attorney?

DEFENDANT: No.

THE COURT: You do not want an Attorney?

DEFENDANT: No.

THE COURT: If you do not have money to employ an Attorney the court will appoint an Attorney for you. Do you understand that?

DEFENDANT: Yes sir, a State Lawyer.

THE COURT: Right. You can have an Attorney that you hire or the Court will appoint an Attorney for you.

DEFENDANT: I don't need one.

THE COURT: You are telling me that you are waiving your right to have an Attorney and you want to try this case yourself without an Attorney. Is that right?

DEFENDANT: I have no lawyer and do not need to have no lawyer.

THE COURT: You are telling me that you do not want to have an Attorney?

DEFENDANT: Yes.

THE COURT: Are you satisfied, Mr. Maville?

MR. MAVILLE: Yes sir."

At the trial the defendant acted *pro se*. He said he did not remember the details of the incident but said he was under medication. He was convicted and sentenced as indicated above.

In this appeal the defendant argues that (1) he was not adequately admonished by the trial court at the time he waived counsel, and (2) that the complaint charging him with obstructing a peace officer is not sufficient to support a conviction because it failed to specify what particular conduct the charge was based on.

The defendant contends that the colloquy appearing above between himself and the trial court did not constitute a proper admonishment as to waiver of counsel in accordance with Supreme Court Rule 401(a), which reads as follows.

"(a) Waiver of Counsel. Any waiver of counsel shall be in open court. The court shall not permit a waiver of counsel by a person

accused of an offense punishable by imprisonment without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:

> (1) the nature of the charge;
>
> (2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences; and
>
> (3) that he has a right to counsel and, if he is indigent, to have counsel appointed for him by the court." Ill. Rev. Stat. 1979, ch. 110A, par. 401(a).

■■ It will be noted that the court is required by this rule to inform the defendant and determine that he understands, "the nature of the charge" and "the minimum and maximum sentence prescribed by law." The judge in this case did not conform to this requirement. He did not comment on the nature of the charge, merely saying that the charge was "Criminal Trespass to Land and Obstructing a Peace Officer." Nor did the court make any reference to the minimum or maximum sentences prescribed by law and his comment after the defendant had waived counsel and trial date had been set that "the State is seeking a jail sentence in this case," is not, we think, a sufficient admonishment as to possible sentences.

■■ It is noted in the comprehensive opinion in *People v. Brown* (1980), 80 Ill. App. 3d 616, that there is some divergence of opinion in the appellate court decisions interpreting Supreme Court Rule 401(a), one line of cases indicating substantial compliance with said rule is sufficient, with the critical issue being whether the defendant did knowingly waive his right to counsel (*People v. Black* (1979), 68 Ill. App. 3d 309; *People v. Jackson* (1978), 59 Ill. App. 3d 1004; *People v. Sifers* (1975), 29 Ill. App. 3d 428), whereas another line of decisions (*People v. Templeton* (1978), 60 Ill. App. 3d 711; *People v. McMurray* (1977), 55 Ill. App. 3d 581; *People v. Jones* (1976), 36 Ill. App. 3d 190) requires strict compliance with Rule 401(a) to effect waiver of counsel. A close reading of the cases, however, reveals differences in the factual background and the circumstances surrounding the defendants' waiver of counsel which may account for the different results reached in these cases, rather than ascribing it to opposing theories as between literal and substantial compliance. In any event, however, we agree with the approach taken in *Brown*, which points out that whatever may have been the evolution of "substantial compliance" with regard to waiver of indictment or pleas of guilty, the question of waiver of counsel has been treated more strictly and a standard of substantial compliance with the admonishments required by Rule 401(a) is not sufficient. While the colloquy between the trial court and the defendant in this case reveals the court's conscientious concern

with the plight of an uncounseled defendant, it did not amount to a clear and complete admonishment under Supreme Court Rule 401(a) as to the possible maximum or minimum sentences or as to the nature of the two charges against the defendant. The judge's remark at the end of the hearing after the case had been set for trial that "the State is seeking a jail sentence in this case" did not enlighten the defendant as to the possible minimum and maximum sentences and there was no attempt to explain the nature of the charges, which were not self-explanatory from the complaint. Indeed, the question of whether the complaint itself adequately set out the offense of obstructing a peace officer is a question raised in this appeal.

We note that the recent case of *People v. Derra* (1981), 92 Ill. App. 3d 1106, adopted the rationale of *Brown* in holding to the more strict compliance with Supreme Court Rule 401(a). In the *Derra* case, the defendant was charged with driving while intoxicated, waived counsel and attempted to defend himself. The public defender, while not active in the case, was available for advice if needed. However, the defendant acted almost entirely *pro se*. The court's admonishment as to waiver of counsel failed to state the minimum and maximum sentences possible upon conviction. The defendant was convicted and appealed on the ground he had not properly waived assistance of counsel. The appellate court reversed, saying that the omission of the statements as to possible minimum and maximum sentences rendered the admonishment ineffective. In the case before us, the admonishment as to minimum and maximum sentences is equally deficient. Moreover, there was no explanation of the nature of the charge, and this was not adequately explained by the complaint itself.

Having reached the conclusion that the defendant was not adequately admonished and therefore did not knowingly waive his right to counsel, we do not decide the question raised in this appeal as to the adequacy of the complaint.

The judgment of the circuit court of Boone County is reversed and the cause remanded for a new trial in accordance with the views expressed herein.

Reversed and remanded.

HOPF and LINDBERG, JJ., concur.