THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JAMES JOHNSON, Defendant-Appellant.

Fourth District   No. 4—83—0521

Opinion filed April 10, 1984.

Daniel D. Yuhas and Janet Sinder, both of State Appellate Defender's Office, of Springfield, for appellant.

Donald D. Bernardi, State's Attorney, of Pontiac (Robert J. Biderman and Perry Lee Miller, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE TRAPP delivered the opinion of the court:

Following a jury trial, defendant James Johnson was convicted of two counts of aggravated battery and sentenced to concurrent terms of three years' imprisonment, the sentence to run consecutive to one he is currently serving. On appeal, defendant argues that (1) he did not effectively waive his right to counsel; (2) the trial court abused its discretion in failing to appoint a legal advisor for him; (3) he was denied a fair trial because the State presented irrelevant, prejudicial testimony; and (4) his sentence was excessive because it was disparate with his codefendant's sentence. In view of our disposition of the first issue, we need not address defendant's other arguments.

Defendant was charged with four counts of aggravated battery for allegedly striking two corrections officers at Pontiac Prison on February 22, 1983. On May 5, 1983, defendant and a codefendant, Hussen Kahn, appeared before the trial judge. The judge found both indigent and appointed the public defender to represent both of them.

After consulting with the public defender by telephone, defendant informed the court that he did not want the public defender as counsel. The court informed defendant that he had a right to be represented by the public defender or a right to self-representation. The court further explained to defendant that he was charged with four counts of aggravated battery and any sentence imposed would run consecutive to the sentence he was currently serving. Defendant was told he might get an additional 10 years' imprisonment. Defendant stated he fully understood and wanted to represent himself. The court then vacated the appointment of the public defender.

On June 13, 1983, defendant moved for appointment of a bar association attorney. After explaining that counsel other than the public defender could be appointed only if a conflict of interest developed, the court denied defendant's motion. Defendant then asked whether a legal advisor could be appointed. After speaking with the public defender, the court told defendant the public defender refused to sit in court to offer assistance to someone who did not want his advice. The court then gave defendant another opportunity to exercise his right to appointment of counsel. Defendant stated he would proceed *pro se.*

At trial on June 14, 1983, two corrections officers, Paul Bulzak and Terry Norgaard, testified for the State. Both officers testified defendant had hit them with a broomstick while they were engaged in a struggle with Kahn. Bulzak testified defendant had been in segregation, a place for "prisoners who can't be kept in population due to various offenses like trying to stab someone." Bulzak further stated he was acquainted with defendant because defendant had been brought into the prison hospital with a gunshot wound when Bulzak was present.

Defendant questioned no witnesses, did not testify, and made only a brief closing argument. The jury convicted him of two counts of aggravated battery. On July 26, 1983, the court sentenced defendant to concurrent terms of three years' imprisonment to run consecutive to the sentence he was already serving. After a separate trial, Kahn received a sentence of 2½ years' imprisonment.

■ In order to establish a valid waiver of the right to counsel, the State must prove an intentional relinquishment of a known right or privilege. (*People v. Aldridge* (1980), 79 Ill. 2d 87, 93, 402 N.E.2d

176, 179.) Supreme Court Rule 401(a) (87 Ill. 2d R. 401(a)) provides:

"Any waiver of counsel shall be in open court. The court shall not permit a waiver of counsel by a person accused of an offense punishable by imprisonment without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:

(1) the nature of the charge;

(2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which a defendant may be subjected because of prior convictions or consecutive sentences; and

(3) that he has the right to counsel and, if he is indigent, to have counsel appointed for him by the court."

There can be no effective waiver of counsel without the proper admonitions. *People v. Baker* (1983), 94 Ill. 2d 129, 137, 445 N.E.2d 769, 773.

The rule provides a procedure which eliminates any doubt that a defendant understands the nature and consequences of the charge against him before a court accepts his waiver of the right to counsel and precludes him from waiving the assistance of counsel without full knowledge and understanding. (*People v. Derra* (1981), 92 Ill. App. 3d 1106, 1109, 416 N.E.2d 688, 690.) In *Derra*, we held strict compliance with the mandate of Rule 401(a) is required; substantial compliance is not enough.

The State concedes the trial court failed to inform defendant of the minimum sentence. In *Derra*, we reversed a defendant's conviction because the trial court allowed him to proceed *pro se* without first informing him of the maximum and minimum possible sentences. The trial judge's statement that the State had not waived the possibility of jail time was insufficient admonishment. *People v. Derra* (1981), 92 Ill. App. 3d 1106, 1112, 416 N.E.2d 688, 692; see also *People v. Shaw* (1980), 89 Ill. App. 3d 69, 411 N.E.2d 143; and *People v. Roberts* (1978), 56 Ill. App. 3d 126, 371 N.E.2d 1284.

While the court told defendant the charges were four counts of aggravated battery, the court never informed him of the nature of those charges. In *Derra*, we relied heavily on the decision in *People v. Brown* (1980), 80 Ill. App. 3d 616, 399 N.E.2d 1374. The *Brown* court held the trial judge must personally inform defendant of not only the explicit charges but also the nature of those charges. The court added that Rule 401(a) further dictates the court determine that defendant understands those charges before accepting his waiver. (80 Ill. App. 3d 616, 622-23, 399 N.E.2d 1374, 1378.) Merely stating the charge

and giving defendant a copy of the complaint, therefore, is not enough. *People v. Montoya* (1981), 94 Ill. App. 3d 6, 418 N.E.2d 84.

The State concedes that the trial court did not strictly comply with Rule 401(a), therefore, the State asks us to overturn *Derra* and declare substantial compliance suffices. This we decline to do. Where the facts are insufficient to substantiate a knowing and intelligent waiver, every reasonable presumption against a finding of waiver will be entertained. (*People v. Brown* (1980), 80 Ill. App. 3d 616, 621-22, 399 N.E.2d 1374, 1378.) The conclusion that defendant has knowingly waived his right to counsel is based upon the totality of his responses to the court's admonitions. No one admonition is either more or less important in this regard. *People v. Morris* (1982), 106 Ill. App. 3d 689, 693, 435 N.E.2d 1344, 1346.

■■ In the present case, defendant did not truly wish to proceed *pro se*; rather, he wanted counsel other than the public defender. The trial court can force a defendant to choose either representation by the public defender or self-representation. (*People v. Roofener* (1981), 95 Ill. App. 3d 342, 420 N.E.2d 189; *Brown.*) Before the court allows defendant to represent himself, however, the court must strictly comply with Rule 401(a). The rule provides simple, minimum guidelines for advising defendant of the right to counsel and the implications of the trial before him. (*People v. Brown* (1980), 80 Ill. App. 3d 616, 622, 399 N.E.2d 1374, 1378.) The court's admonitions did not meet those minimum guidelines.

For the foregoing reasons the judgment of the trial court is reversed, and the cause is remanded for a new trial.

Reversed and remanded.

MILLS, P.J., and WEBBER, J., concur.