THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMES GRAVES, Defendant-Appellant.

First District (1st Division)   No. 83—2617

Opinion filed December 17, 1984.—Rehearing denied August 7, 1985.

Steven Clark and Alan Raphael, both of State Appellate Defender's Office, of Chicago, and Joseph L. McJohn, law student, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Theodore Gailman, Assistant State's Attorney, of counsel), for the People.

JUSTICE CAMPBELL delivered the opinion of the court:

Following a jury trial, defendant, James Graves, was found guilty and concurrently sentenced to 22 years' imprisonment for armed robbery, 22 years for home invasion, 10 years for residential burglary, four years for aggravated battery, and three years for unlawful restraint. Ill. Rev. Stat. 1981, ch. 38, pars. 18—2, 19—3, 12—11, 12—4, 10—3.

The following issues are raised on appeal: (1) whether the court erred in allowing defendant to exercise his constitutional right to *pro se* representation; (2) whether the court erred in allowing defendant to continue his *pro se* representation without court intervention; (3) whether the prosecutor's statements during closing argument were proper.

The record discloses that on August 16, 1983, defendant, represented by an assistant public defender, appeared at a pretrial hearing for two separate indictments. At this hearing, defendant demanded trial on both pending indictments and announced his desire to proceed to trial without representation by counsel. The court declined to rule on either matter requested by defendant and transferred both cases to the second district to be heard on September 21, 1983. On that date, defendant was again represented by an assistant public defender. During this hearing, defendant repeated his demand for immediate trial and the right to conduct his own defense. The assistant public defender told the court that pretrial discovery was incomplete, that his office was not prepared to go to trial at that time, and that his office would prefer to withdraw as counsel in light of defendant's stated positions. The court then advised defendant of his right to counsel and informed him of the nature of the charges against him with the possible sentences. An inquiry into defendant's background by the court showed that defendant was 33 years old, that defendant graduated from high school in Chicago, that defendant had worked for some 20 to 30 companies as a truck driver for about 10 years, that defendant had worked "off and on" for Locals 63 and 136 as an ironworker since defendant was 18 years old, that defendant went to the New York School of Locksmith, where he took a course in safe manipulation and penetration, and that defendant worked as a locksmith on

a part-time basis. Defendant also stated to the court that he "defended himself in a previous misdemeanor case and won," that the pending charges against him were "frivolous," that he realized "the charges and consequences if found guilty," and that he wanted an immediate trial to prevent from being "in jail for who knows how long." After this inquiry, the court found a valid waiver of counsel and the public defender was allowed to withdraw. The State was instructed to provide defendant with photocopies of all relevant materials in their possession, and the court made a public defender available throughout the proceedings to assist defendant in presenting his case. The court gave defendant the option of having either the public defender sit in the courtroom or sit at the table with defendant. The court also explained the procedures for jury selection and a side-bar conference to defendant.

The trial commenced on September 27, 1983, and defendant made his opening statement to the jury. In the course of the trial, defendant experienced some difficulty in the cross-examination of complainant and requested the court to allow the public defender to take over the representation of defendant. The court instructed the public defender to represent defendant. However, defendant indicated to the court that he wanted to resume his *pro se* representation before the public defender began to continue cross-examination of complainant.

On September 28, 1983, defendant asked the court that he be allowed the active participation of the public defender as co-counsel. This request was denied, and defendant elected to proceed with representation by the public defender. The public defender conducted the cross-examination of the State's final witness and the direct examination of the two witnesses presented by the defense.

During trial, defendant testified that he was present in complainant's apartment on the night of the incident, but that he had been attacked by complainant's homosexual friend named "John" and complainant. Defendant claimed complainant's injuries were caused by "John." Defendant further stated that complainant and "John" fought because complaint insisted "John" stop molesting defendant. Complainant testified that it was defendant who robbed and beat him. Complainant and the investigating officers testified that no third party nor anyone named "John" was present. Also, complainant claimed that he did not invite defendant into his apartment and that he had never seen defendant before defendant grabbed him from behind at the bottom of the stairs leading to complainant's apartment.

On September 28, 1983, closing arguments were made, and the State moved to nol-pros the armed violence count. The jury acquitted

defendant in the attempted murder count, but convicted him on the remaining counts. After defendant's motion for a new trial was denied, this appeal followed.

■■ The first issue presented is whether the court erred in allowing defendant to conduct his own defense. The sixth amendment to the United States Constitution provides for the right to *pro se* representation in criminal proceedings. (*People v. Silagy* (1984), 101 Ill. 2d 147, 461 N.E.2d 415.) To exercise this right, a defendant must knowingly and intelligently waive the benefits of his right to representation by counsel. (*Johnson v. Zerbst* (1937), 304 U.S. 458, 82 L. Ed. 1461, 58 S. Ct. 1019; *People v. Kavinsky* (1980), 91 Ill. App. 3d 784, 414 N.E.2d 1206.) Whether there has been a waiver of the right to counsel is a matter to be determined by the trial court, and that decision will not be reversed absent an abuse of discretion. (*Glasser v. United States* (1942), 315 U.S. 60, 86 L. Ed. 680, 62 S. Ct. 457; *People v. Amft* (1982), 109 Ill. App. 3d 619, 440 N.E.2d 924.) A careful inquiry must be made to determine defendant's ability to conduct his own defense, focusing on his age, level of education, mental capacity, and prior experience with legal proceedings. (*People v. Kavinsky* (1980), 91 Ill. App. 3d 784, 414 N.E.2d 1206.) Before one can understandably waive assistance of counsel, the trial court must give him admonitions specified by Illinois Supreme Court Rule 401(a). (*People v. O'Neal* (1978), 62 Ill. App. 3d 146, 379 N.E.2d 12.) The court may not permit waiver of counsel unless it is determined that defendant understands the nature of the charge(s), the maximum and minimum penalties prescribed by law, and the right to appointed counsel if indigent. 87 Ill. 2d R. 401(a); *People v. Heidelberg* (1975), 33 Ill. App. 3d 574, 338 N.E.2d 56.

Defendant contends that the court conducted only a limited inquiry into defendant's educational background and work experience, and that no inquiry was made regarding defendant's understanding of the admonitions against him as required by Illinois Supreme Court Rule 401(a). Defendant further argues that his demand for immediate trial should have cast serious doubt upon his ability to prepare and conduct an effective defense. Defendant cites *People v. Vanderwerff* (1978), 57 Ill. App. 3d 44, 372 N.E.2d 1014, to support his contention. Although the defendant had received the Rule 401(a) admonitions in *Vanderwerff*, the appellate court reversed a battery conviction because of a failure to conduct a sufficient inquiry into defendant's understanding of the admonitions and competency to defend himself.

In the instant case, before allowing the *pro se* representation, the trial court considered defendant's age, level of education, mental ca-

pacity, employment record, and prior experience with legal proceedings in determining whether defendant was capable of conducting his own defense. The court also explained the advantages of being represented by counsel and the disadvantages of representing oneself. It appears from the record that the trial court sufficiently conducted an inquiry into defendant's ability to conduct his own defense and properly admonished defendant under the requirements of Rule 401(a). *People v. O'Neal* (1978), 62 Ill. App. 3d 146, 379 N.E.2d 12.

■ Defendant next contends that the court erred in allowing defendant to continue his *pro se* defense without court intervention. Defendant argues that the court was required to terminate his *pro se* representation when it became apparent that defendant was unable to present an adequate defense. Defendant cites *People v. Burson* (1957), 11 Ill. 2d 360, 143 N.E.2d 239, and *People v. Allen* (1967), 37 Ill. 2d 167, 226 N.E.2d 1, to support this contention. In *Burson,* the issue was whether the court should have held a sanity hearing when defendant's courtroom outbursts and disruptive conduct hindered the rational disposition of his case. In *Allen,* the *pro se* defendant's rude, boisterous, and disrespectful behavior necessitated his removal from the courtroom. The Illinois Supreme Court held that by such conduct, defendant waived any constitutional rights to be present at trial, confront the witnesses against him, and conduct his own defense. Both *Burson* and *Allen* can be distinguished on the facts.

A defendant who knowingly and voluntarily elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of the effective assistance of counsel or fair trial. (*Faretta v. California* (1975), 442 U.S. 806, 45 L. Ed. 2d 562, 95 S. Ct. 2525; *People v. Smith* (1975), 33 Ill. App. 3d 725, 338 N.E.2d 207; *United States ex rel. Smith v. Pavich* (7th Cir. 1978), 568 F.2d 33; *People v. Tuczynski* (1978), 62 Ill. App. 3d 644, 378 N.E.2d 1200.) A *pro se* defendant's inability to represent himself competently does not invest the court with a duty to intervene and assist in the defense. (*People v. Hudson* (1980), 86 Ill. App. 3d 335, 408 N.E.2d 325.) In addition, defendant in the case at bar seeks the best of both worlds: freedom to conduct his own defense and benefit from the assistance of counsel. (*People v. Lindsey* (1974), 17 Ill. App. 3d 137, 308 N.E.2d 111.) Our Illinois Supreme Court has held that a defendant has no right to both *pro se* representation and the assistance of counsel. (*People v. Ephraim* (1952), 411 Ill. 118, 103 N.E.2d 363.) The court, in *Ephraim* explained:

> "An accused has either the right to have counsel act for him or the right to act himself. As pointed out in *United States v.*

*Mitchell* [(2d Cir. 1943)], 137 F.2d 1006 it is obvious that both of those rights cannot be exercised at the same time. It follows that to allow a defendant to avail himself to the hilt of his right to counsel, then allow him to plead his right to defend himself when the trial conducted by counsel produces an unsatisfactory result, would give far too great a chance to delay trial and to otherwise embarrass effective prosecution of crime. (See *United States v. Gutterman* [(2d Cir. 1945)], 147 F.2d 540.) As indicated in the *Mitchell* case, a defendant must be required to make his election between the two rights at the proper time and in the proper manner." *(People v. Ephraim* (1952), 411 Ill. 118, 122, 103 N.E.2d 363, 365.)

Federal courts also have held that no such right exists under the United States Constitution. *(United States v. Halbert* (9th Cir. 1981), 640 F.2d 1000; *United States v. Daniels* (5th Cir. 1978), 572 F.2d 535.) Therefore, the trial court did not err in ruling that defendant has no right to both *pro se* representation and the assistance of counsel. *People v. Williams* (1983), 97 Ill. 2d 252, 454 N.E.2d 220; *People v. Ephraim* (1952), 411 Ill. 118, 103 N.E.2d 363; *People v. Lindsey* (1974), 17 Ill. App. 3d 137, 308 N.E.2d 111.

■ The final issue presented is whether the prosecutor's statements during closing argument were proper. Defendant claims he was improperly characterized as a "fruit hustler," and the statement "Mr. Benson and I would be the last people in the world that would allow an innocent fruit hustler to go to jail for a crime he did not commit" accused defendant of being a habitual criminal offender. Defendant maintains that these statements denied him due process and prevented him from getting a fair trial.

In closing argument, the prosecutor has great latitude in commenting about the nature of the crime and the character of the defendant. *(People v. Agee* (1980), 85 Ill. App. 3d 74, 405 N.E.2d 1245; *People v. Brown* (1959), 16 Ill. 2d 482, 158 N.E.2d 579.) In determining the fairness of defendant's trial, the trial court is given wide latitude in controlling the comments made during argument. *(People v. Smothers* (1973), 55 Ill. 2d 172, 302 N.E.2d 324; *People v. Agee* (1980), 85 Ill. App. 3d 74, 405 N.E.2d 1245.) Where the allegedly improper comments are objected to at trial and asserted in a post-trial motion, the trial court is in a "far better position" than the reviewing court to determine the prejudicial effect of remarks made during argument; therefore, the trial court's ruling should not be disturbed absent a clear abuse of discretion. *People v. Agee* (1980), 85 Ill. App. 3d 74, 405 N.E.2d 1245; *People v. Brown* (1974), 20 Ill. App. 3d

1064, 313 N.E.2d 488; *People v. Smothers* (1973), 55 Ill. 2d 172, 302 N.E.2d 324.

The cases relied upon by defendant are distinguishable from the instant case. In *People v. Morgan* (1980), 20 Ill. 2d 437, 170 N.E.2d 529, the court reversed defendant's conviction because the prosecution violated section 6 of Division XIII of the Criminal Code of 1874 (Ill. Rev. Stat. 1959, ch. 38, par. 734) by repeatingly stating in closing argument that defendant was the only witness for the defense, and in *People v. Weathers* (1975), 62 Ill. 2d 114, 338 N.E.2d 880, the court held there was no evidence to support the prosecutor's charge that defendant was a habitual criminal who had not been caught. In the instant case there is no violation of any statute, nor is there an obvious insinuation that defendant is a "habitual criminal who never got caught." In addition, the record shows that defendant referred to himself as a "fruit hustler" long before the prosecutor's similar reference of defendant. Therefore, it appears that the prosecutor's remarks were not so prejudicial as to deny defendant a right to a fair trial. *People v. Agee* (1980), 85 Ill. App. 3d 74, 405 N.E.2d 1245; *People v. Epps* (1983), 117 Ill. App. 3d 507, 453 N.E.2d 816; *People v. Arbuckle* (1979), 75 Ill. App. 3d 826, 393 N.E.2d 1296.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

BUCKLEY, P.J., and O'CONNOR, J., concur.