THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. NORMAN CRITTENDEN, Defendant-Appellant.

First District (4th Division)   No. 85—1117

Opinion filed November 6, 1986.

James J. Doherty, Public Defender, of Chicago (Mark Stein, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry, James E. Fitzgerald, and Wallesca Dias-Lopez, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE LINN delivered the opinion of the court:

Following a bench trial at which defendant, Norman Crittenden, represented himself, he was convicted of theft (Ill. Rev. Stat. 1983, ch. 38, par. 16—1(a)) and sentenced to a term of two years. On appeal he contends that the trial court's failure to comply with Supreme Court Rule 401(a) (87 Ill. 2d R. 401(a)) rendered his attempted waiver of counsel ineffective.

BACKGROUND

Defendant was charged by information with theft on an automobile and possession of a stolen motor vehicle. These charges were also the basis for a charge of a violation of probation on which he had been placed for a prior auto theft conviction.

The report of proceedings shows the following colloquy regarding defendant's waiver of counsel:

"Mr. King [Assistant Public Defender]: *** Mr. Crittenden has indicated that he would like an order from the Court for me pursuant to the discovery rules to xerox and convey to him the discovery materials.

The Court: What discovery materials?

Mr. King: Police reports.

The Court: Oh, no, no. Mr. Crittenden, those things are made for lawyers, not for defendants.

Defendant: Suppose I want to take up my own case.

The Court: Well, if you want to be your own lawyer, we will relieve the Public Defendant and you can be your own lawyer.

Defendant: And then I will have access to these papers?

The Court: Yes.

Defendant: Then I would like to do that.

The Court: You want to be your own lawyer?

Defendant: Yes.

The Court: And your case, you understand has been pending here for four months, so it is ready to be set for trial.

Mr. McNerney [Assistant State's Attorney]: We have at least one witness here already today.

The Court: Well, it is ready today. Are you ready?

Defendant: Yes.

The Court: You are going to be your own lawyer, and you are ready for trial today?

Defendant: Yes.

The Court: All right. Do you want the Public Defender to withdraw?

Defendant: Yes.

The Court: Motion of defendant, Public Defender to withdraw. ***"

When defendant then requested a bench trial, the trial court ascertained that defendant was 24 years old and had completed the 11th grade in school. The trial court further explained the concept of a jury trial. Defendant then orally waived a jury trial but, after a recess in the proceedings, requested a jury trial. However, when the case was

subsequently called for trial six weeks later, defendant again waived a jury trial. A bench trial then commenced at which defendant was not represented or assisted by counsel. Defendant presented no witnesses on his behalf, but testified in narrative form, beginning with the statement, "Okay, Your Honor, I'm guilty to a criminal trespass to a vehicle."

OPINION

On appeal, defendant contends that the trial court's failure to comply with Supreme Court Rule 401(a) (87 Ill. 2d R. 401(a)) renders his attempted waiver of counsel ineffective. We agree.

Supreme Court Rule 401(a) provides as follows:

"Any waiver of counsel shall be in open court. The court shall not permit a waiver of counsel by a person accused of an offense punishable by imprisonment without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:

(1) the nature of the charge;

(2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences; and

(3) that he has a right to counsel and, if he is indigent, to have counsel appointed for him by the court."

■ Unlike Supreme Court Rule 402 (87 Ill. 2d R. 402), which governs pleas of guilty, Supreme Court Rule 401(a) contains no provision allowing for "substantial compliance." (*People v. Brown* (1980), 80 Ill. App. 3d 616, 624-25, 399 N.E.2d 1374.) The trial judge must, in open court, inform the defendant and determine that he understands the nature of the charge, the minimum and maximum possible sentences, and his right to counsel. (*People v. Baker* (1983), 94 Ill. 2d 129, 132, 445 N.E.2d 769; *People v. Graves* (1985), 134 Ill. App. 3d 473, 476, 480 N.E.2d 1142.) Without proper admonitions there can be no effective waiver of counsel. *People v. Baker* (1983), 94 Ill. 2d 129, 137, 445 N.E.2d 769; *People v. Johnson* (1984), 123 Ill. App. 3d 128, 130, 462 N.E.2d 930.

In *People v. Brown* (1980), 80 Ill. App. 3d 616, 623-26, 399 N.E.2d 1374, this court noted that two distinct constructions of the requirements of Rule 401 had developed in the appellate court; one view held that substantial compliance with Rule 401 was enough, while the other view required rigorous compliance with the admonitions of the rule. (See *People v. Derra* (1981), 92 Ill. App. 3d 1106, 1110, 416

N.E.2d 688.) After extensively discussing the history and interpretations of Rule 401(a), this court ruled that those cases requiring strict compliance with Rule 401(a) correctly reflected the constitutional foundation upon which the rule rests. This court therefore concluded that where the requisite warnings were not given and the record did not affirmatively disclose that the defendants were aware of the information contained therein, there was no effective waiver of counsel under Rule 401(a). See also *People v. Montoya* (1981), 94 Ill. App. 3d 6, 9-10, 418 N.E.2d 84; *People v. Feliciano* (1981), 93 Ill. App. 3d 642, 645, 417 N.E.2d 824.

■ The State argues that the trial court's failure to formally advise defendant on the record of the possible sentence he could receive was harmless in light of his legal sophistication, his prior conviction for the same type of offense, and the reasonable inference that his attorney informed him of such prior to trial. The State points out that defendant does not contend that he is unaware of the potential minimum and maximum sentences that could be imposed, but rather that the trial court failed to admonish him of such, and cites *People v. Smith* (1975), 33 Ill. App. 3d 725, 338 N.E.2d 207, and *People v. Jackson* (1978), 59 Ill. App. 3d 1004, 376 N.E.2d 685, for the proposition that strict conformity with the explicit mandate of 401(a) may be excused because of defendant's level of legal sophistication. However, in *People v. Brown* (1980), 80 Ill. App. 3d 616, 623, 399 N.E.2d 1374, this court noted that in *People v. Smith* (1975), 33 Ill. App. 3d 725, 338 N.E.2d, 207, the failure to admonish was found harmless because the defendant stated that he had studied law informally for 12 years, and he demonstrated an ability to use trial tactics in his favor and made no claim that he was unaware of the potential penalties. In addition, in *People v. Smith* the trial court admonished the defendant of the nature of the charges and the fact that they involved felonies for which he could be incarcerated.

Similarly, in *People v. Brown* (1980), 80 Ill. App. 3d 616, 623, 399 N.E.2d 1374, this court noted that in *People v. Jackson* (1978), 59 Ill. App. 3d 1004, 376 N.E.2d 685, the defendant had a lengthy record, demonstrated an intricate knowledge of courtroom procedures throughout trial, and had also been given a psychiatric examination which resulted in a professional finding that he understood the charges pending against him.

The State further cites *People v. Black* (1979), 68 Ill. App. 3d 309, 385 N.E.2d 899. However, there, the defendant, who was charged with armed robbery, had spent most of his adult life in prison for numerous armed-robbery convictions and was in fact advised of the

nature of the offense, that he had a right to counsel, and that armed robbery, at that time, was a Class 1 felony punishable by imprisonment.

In contrast with the facts of *People v. Smith* (1975), 33 Ill. App. 3d 725, 338 N.E.2d 207, and *People v. Jackson* (1978), 59 Ill. App. 3d 1004, 376 N.E.2d 685, the record in this case does not demonstrate that defendant had a high level of legal sophistication. In fact, at one point he informed the court, "I am not that good at law, and we don't have that much access to the law library." Moreover, unlike the defendants in *People v. Jackson* and *People v. Black* (1979), 68 Ill. App. 3d 309, 385 N.E.2d 899, defendant here did not have a lengthy criminal record, but rather had a record consisting of one 30-month term of probation. In addition, unlike the defendants in *People v. Smith* and *People v. Black*, defendant was not formally admonished on the record of the nature of the charges against him or that they involved a felony for which he could be incarcerated.

■ Contrary to the State's argument, we cannot infer that defendant was aware of the severity of the charges against him by the fact that he had previously been advised by his attorney prior to trial. (See *People v. Woods* (1980), 84 Ill. App. 3d 938, 946, 405 N.E.2d 1238.) Nor do we think it appropriate to infer his awareness of the severity of the charge from his prior auto theft conviction, which merely resulted in a term of probation. Except in those cases where it appears that defendant has a high level of legal sophistication, strict compliance with Rule 401(a) is required, and the trial court must personally inform defendant of the nature of the charge and must also determine that defendant understands the charge. 84 Ill. App. 3d 938, 945-46, 405 N.E.2d 1238.

■ The State, citing *People v. Redmond* (1979), 73 Ill. App. 3d 160, 390 N.E.2d 1364, argues that defendant in this case was informed at his preliminary hearing about the nature of the charges against him by the tendering of a copy of the indictment to him. However, in *People v. Redmond*, the defendant not only received a copy of the complaint for preliminary hearing and information, but was also advised that a finding of guilty would result in the imposition of a term of incarceration of not less than 1 year nor more than 10 years and an additional 3-year parole period, the violation of which could result in being sent back to prison.

■ In contrast, there is no evidence in the record before us that defendant received a copy of the indictment at the preliminary hearing, and defendant was not advised that a finding of guilty could result in his incarceration. Moreover, merely stating the charge and

giving defendant a copy of the complaint would not be enough. (*People v. Johnson* (1984), 123 Ill. App. 3d 128, 130-31, 462 N.E.2d 930; *People v. Montoya* (1981), 94 Ill. App. 3d 6, 10, 418 N.E.2d 84; but see *People v. Jackson* (1978), 59 Ill. App. 3d 1004, 1008, 376 N.E.2d 685.) Rule 401(a) mandates that the trial court personally inform defendant not only of the explicit charges but of the nature of the charges and dictates that the court determine that the defendant understands those charges. *People v. Johnson* (1984), 123 Ill. App. 3d 128, 130, 462 N.E.2d 930; *People v. Brown* (1980), 80 Ill. App. 3d 616, 622-23, 399 N.E.2d 1374.

The State finally cites *Elston v. Frye* (1968), 40 Ill. 2d 485, 240 N.E.2d 671. However, that case predated the adoption of Supreme Court Rule 401(b) (87 Ill. 2d R. 401(b)) so that no transcript of the questions and answers were available. The court therefore held that where the docket entry showed that the defendant was admonished by the trial court, there was no evidence other than the defendant's testimony that the admonition did not include an explanation of the defendant's right to counsel and defendant was no stranger to criminal proceedings, he could not be considered unaware of the need and importance of legal representation.

In contrast, the record in this case affirmatively shows that defendant was not advised personally by the trial court of the nature of the charge, he was not advised of the minimum and maximum sentences prescribed by law, nor did the court make an effort to determine that he understood either of the above. Without proper admonitions there can be no effective waiver of counsel. (*People v. Baker* (1983), 94 Ill. 2d 129, 137, 445 N.E.2d 769.) The trial court must, in open court, inform the defendant and determine that he understands the nature of the charge, the minimum and maximum possible sentences, and his right to counsel. *People v. Baker* (1983), 94 Ill. 2d 129, 132, 445 N.E.2d 769; *People v. Woods* (1980), 84 Ill. App. 3d 938, 946, 405 N.E.2d 1238; *People v. Brown* (1980), 80 Ill. App. 3d 616, 622-23, 399 N.E.2d 1374.

Accordingly, we must reverse the judgment of the circuit court of Cook County and remand the cause for a new trial.

Reversed and remanded.

JOHNSON and McMORROW, JJ., concur.