(No. 42452.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
FLOYD SEPHUS, Appellant.

*Opinion filed September 22, 1970.*

WILLIAM J. DIETERICH, of Quincy, appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and ROBERT J. BIER, State's Attorney, of Quincy, (FRED G. LEACH, Assistant Attorney General, and MATTHEW O. HUTMACHER, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

An indictment returned by the grand jury of Adams County charged the defendant, Floyd Sephus, with murder. He pleaded not guilty, but on the second day of his trial, during the process of jury selection, he was permitted to withdraw that plea, and to enter a plea of guilty to the lesser included offense of voluntary manslaughter. He was sentenced to imprisonment for not less than 13 nor more than 20 years. Upon appeal the appellate court declined to reduce the sentence. (109 Ill. App. 2d 240.) The defendant's post-conviction petition was dismissed on motion of the State without an evidentiary hearing, and he has appealed.

In this court, the defendant contends that the failure of the trial court to conduct a hearing to determine his competency to stand trial (Ill. Rev. Stat. 1969, ch. 38, par. 104—2) violated his right to due process of law. But the record shows that in connection with one of the defendant's pre-trial motions a clinical psychologist called by the defendant testified that, based upon the results of psychological tests, the defendant was "functioning at an intellectual level, which we consider mild retardation." He also testified, in response to questions by the trial judge, that the defendant understood the nature of the proceedings against him and would be able to co-operate with counsel. On this record, the

claim that the defendant's constitutional rights were violated cannot be sustained.

The defendant also contends that the failure of the trial court to advise him of a right to counsel during his preliminary hearing and to appoint counsel for him at that time violated his rights under the sixth and fourteenth amendments to the Federal constitution. In *Coleman* v. *Alabama* (1970), 399 U.S. 1, 26 L. Ed. 2d 387, 90 S. Ct. 1999, the Supreme Court held that a preliminary hearing is a "critical stage" in a criminal proceeding at which counsel must be appointed. But in this case no preliminary hearing was conducted. The defendant was fully advised of his right to such a hearing, and he elected to waive it. The defendant's claim then, most liberally construed, comes down to the proposition that because he was not advised that he had a right to be represented by counsel at a preliminary hearing if such a hearing was conducted, his subsequent plea of guilty, entered with the advice of counsel and after a full admonition, was involuntary. We cannot accept that proposition.

Finally, the defendant contends that the refusal of the trial court to order production of certain statements that he made while in custody violated his constitutional rights, "since it induced him to plead guilty for fear * * * inculpatory statements would influence the jury to render a guilty verdict and bring the infliction of the death penalty." It does not appear whether the statements in question were inculpatory or exculpatory. Whatever their character, the defendant's fear that statements allegedly secured in violation of *Miranda* v. *Arizona* (1966), 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, might be admitted at trial, or his fear of a possible death penalty, is insufficient to invalidate his otherwise knowing and intelligent plea of guilty to a lesser included offense. See *McMann* v. *Richardson* (1970), 397 U.S. 759, 25 L. Ed. 2d 763, 90 S. Ct. 1441; *Brady* v. *United States* (1970), 397 U.S. 742, 25 L. Ed. 2d

747, 90 S. Ct. 1463; *Parker* v. *North Carolina* (1970), 397 U.S. 790, 25 L. Ed. 2d 785, 90 S. Ct. 1458; *People* v. *Brown* (1969), 41 Ill.2d 503, 505-06; *People* v. *Bowman* (1968), 40 Ill.2d 116.

The judgment of the circuit court of Adams County is affirmed.

*Judgment affirmed.*