THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DAVID FLOYD HOUSTON, Defendant-Appellant.

Fourth District   No. 4—87—0913

Opinion filed September 28, 1988.—Rehearing denied October 25, 1988.

Daniel D. Yuhas and Karen Munoz, both of State Appellate Defender's Office, of Springfield, for appellant.

Jeffrey K. Davison, State's Attorney, of Decatur (Kenneth R. Boyle, Robert J. Biderman, and William P. Ryan, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LUND delivered the opinion of the court:

On April 20, 1987, in the circuit court of Macon County, defendant David Houston was tried *in absentia* and found guilty by a jury of two counts of burglary in violation of section 19—1 of the Crimi-

nal Code of 1961 (Code) (Ill. Rev. Stat. 1985, ch. 38, par. 19—1). Defendant was sentenced *in absentia* to six years' imprisonment and ordered to make restitution in the amount of $1,500. On September 15, 1987, defendant filed a motion pursuant to section 115—4.1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1985, ch. 38, par. 115—4.1) requesting a new trial, alleging his absence was not his fault and was due to circumstances beyond his control. On December 8, this motion was denied. Defendant appeals, alleging (1) the court erred in accepting his *pro se* waiver of his preliminary hearing, and (2) the court erred in denying his section 115—4.1 motion for new trial. We affirm.

The evidence presented at trial established that on Sunday, November 30, 1986, the Decatur police were on routine patrol in the vicinity of Miles Chevrolet, which was closed that day. A Ford van was parked with its door open in the vicinity of the luxury vans. As the police stopped to investigate, defendant entered the Ford van, and a high-speed chase ensued, ending in a parking lot where defendant was arrested. The police found various tools on or about defendant's person. In the van were eight captain's chairs taken from two of the Miles dealership vans, which had previously been locked and now had holes punched in the doors near the locks.

Defendant argues first that the court erred in accepting his waiver of his preliminary hearing. Defendant first appeared in court on December 8, 1986, and it was found he was not indigent. On December 18, he reappeared in court and advised he had not yet retained counsel but was intending to do so after he sold his car. The following exchange took place:

"THE COURT: We want in every case here a defendant to have his own attorney if it is possible. It works out better from the standpoint he selects who is going to represent him. He not only chooses, but he pays. And it works out much better, if it is possible. And to accomplish that we often give additional time. The problem this morning is there is a witness here waiting for the hearing. And I looked down to see if he is here on any other case, and if the witness list is correct, he is only here on this case.

[PROSECUTOR]: That is correct.

THE COURT: If I may, do you know what a preliminary hearing is, just what you accomplish?

DEFENDANT: In other states I do. I am not from Illinois, I am not very familiar.

THE COURT: What it amounts to is the State's Attorney

has to present enough evidence to support the filing of the charge.

DEFENDANT: Finding of probable cause?

THE COURT: If the court is satisfied that a charge has some evidence to support it, then it proceed [*sic*] to arraignment, meaning what is the plea. It is not a trial. You are not going to be convicted at a preliminary hearing. I don't consider it a vital matter determining the issue, just whether the charge has been filed properly. What I am going to suggest is that we have a preliminary hearing, and you will hear their evidence, and you don't have to present a thing—no evidence. The defendant usually doesn't present any. He just listens.

DEFENDANT: If it is just to determine if there is probable cause, Your Honor, I would be willing to stipulate that there is probable cause and enter a plea of not guilty.

THE COURT: Okay. What we would do is have you waive preliminary hearing, enter your plea of not guilty.

DEFENDANT: Okay, that's fine.

THE COURT: May I have the information?

On the back of it is a waiver of preliminary hearing. Reads, 'I hereby waive the right to a preliminary hearing in this cause.' That is not a plea of guilty. There is another waiver. That doesn't waive any of your constitutional rights—a jury trial or anything else. It just says, 'Let's proceed beyond this hearing.' We will tender this today. It is the first waiver you sign."

Defendant believes this procedure is faulty for two reasons. First, he argues the court erred in accepting his waiver of his preliminary hearing. He believes it is improper for the court to do so without first advising him of the charges and the possible penalty.

■ A waiver of a preliminary hearing will be upheld where it is understandably made. (*People v. Puleo* (1981), 96 Ill. App. 3d 457, 465, 421 N.E.2d 367, 373; *People v. Krison* (1978), 63 Ill. App. 3d 531, 537-38, 380 N.E.2d 449, 454.) Neither the fundamental principles of due process nor our State Constitution requires that a particular procedure be employed for this waiver to be valid (*Krison*, 63 Ill. App. 3d at 537-38, 380 N.E.2d at 454), nor is there any requirement of any admonishments concerning the charges and possible penalty.

■ In the present case, it is apparent defendant appreciated the purpose and procedure of the preliminary hearing. He stated he is familiar with preliminary hearings in other States. He was able to dis-

cern that the purpose of the hearing was to establish probable cause. Further, he offered to stipulate to this finding on his own initiative. This establishes a knowledge of the legal system beyond that of the ordinary layman, a fact born out by his indicating at his initial appearance that he worked as a paralegal. This conduct establishes defendant's waiver was understandably made.

Second, defendant believes the court erred by accepting his waiver of the preliminary hearing without procuring a proper waiver of counsel. He observes that the preliminary hearing is a critical stage entitling him to the right to have counsel present. (*Coleman v. Alabama* (1970), 399 U.S. 1, 26 L. Ed. 2d 387, 90 S. Ct. 1999; *People v. Adams* (1970), 46 Ill. 2d 200, 263 N.E.2d 490.) He therefore maintains the court could not proceed to accept his waiver of his preliminary hearing without counsel being present or the defendant properly waiving same. He insists the record is devoid of the Supreme Court Rule 401 admonitions (107 Ill. 2d R. 401) and insists this makes his waiver of his preliminary hearing defective.

As noted, it is settled that the preliminary hearing is a critical stage. The supreme court observed counsel's presence is necessary (1) to expose weaknesses in the State's case that may lead to a finding of no probable cause, (2) to preserve evidence favorable to defendant, (3) to effectively discover the State's case, and (4) to make arguments on bail and psychiatric reports. (*Coleman*, 399 U.S. at 9, 26 L. Ed. 2d at 397, 90 S. Ct. 2003.) Thus, when a hearing is held without counsel being present, the Rule 401 admonitions must be given, and the record must indicate a knowing waiver of counsel. *People v. Bolden* (1978), 59 Ill. App. 3d 32, 374 N.E.2d 1307.

What is less clear is whether a defendant need similarly waive counsel when he appropriately waives his preliminary hearing. In *People v. Sephus* (1970), 46 Ill. 2d 130, 132, 262 N.E.2d 914, 915, the supreme court appears to suggest that if the defendant was fully advised of his right to a preliminary hearing and waives it, then he need not be advised of his right to counsel if the hearing had been held. Accordingly, he would not be required to make a waiver of counsel. We need not address this question because we find, in fact, a proper waiver of counsel occurred.

■ ■ In order to establish a valid waiver of the right to counsel, the State must prove an intentional relinquishment of a known right or privilege. (*People v. Aldridge* (1980), 79 Ill. 2d 87, 93, 402 N.E.2d 176, 179; *People v. Johnson* (1984), 123 Ill. App. 3d 128, 129, 462 N.E.2d 930, 931.) We have held that to support a valid waiver of counsel, the court must strictly comply with Supreme Court Rule 401

and give the appropriate admonitions. (*Johnson*, 123 Ill. App. 3d at 131, 462 N.E.2d at 932; *People v. Derra* (1981), 92 Ill. App. 3d 1106, 1111, 416 N.E.2d 688, 691.) Other courts have found a limited exception to the strict compliance rule when the defendant possesses a high degree of legal sophistication. (*People v. Reed* (1987), 160 Ill. App. 3d 606, 608-09, 513 N.E.2d 1193, 1195-96; *People v. Roofener* (1981), 95 Ill. App. 3d 342, 347, 420 N.E.2d 189, 193.) Based on the circumstances in the present case, we adopt this exception and find it applicable.

The salutary purpose behind our requirement of strict compliance with Rule 401 is evident. It helps to ensure that when counsel is waived, it is done knowingly and intelligently. (*Johnson*, 123 Ill. App. 3d at 130, 462 N.E.2d at 932.) Recitation of the admonishments is a slight burden on the court and assists in resolving questions concerning waiver of counsel. However, the ultimate question is still whether defendant intentionally relinquished a known right or privilege. (*Aldridge*, 79 Ill. 2d at 93, 402 N.E.2d at 179.) When, based on the facts in an appropriate case, it is clear a defendant knowingly and intelligently waived counsel, we are not so formularistic as to declare the waiver invalid simply because strict compliance with Rule 401 was lacking.

In the present case, defendant's obvious legal sophistication and his conduct at the hearing require a finding that he did intentionally and knowingly waive his right to have counsel present for his waiver of his preliminary hearing. As noted, defendant indicated at the first hearing he was employed as a paralegal. A review of the entire record, including numerous *pro se* motions, establishes defendant was intimate with legal procedure and terminology. At the hearing in question, he clearly understood the purpose and procedure of the preliminary hearing. In fact, when the court was beginning to suggest defendant consider proceeding with the preliminary hearing without counsel, defendant volunteered to stipulate to a finding of probable cause and enter a plea of not guilty. It is similarly clear that defendant was aware of his right to counsel. He indicated to the court he was in the process of raising funds to retain one. Defendant's knowledge and understanding of the legal system is manifest. To hold that due to the lack of strict compliance with Rule 401 defendant did not knowingly waive counsel and to reverse the conviction would, in view of defendant's exhibited legal sophistication and knowledge, defeat the ends of justice. While courts will not lightly find a waiver of counsel, we believe a fair reading of the record requires a finding that defendant knowingly and intelligently waived

his right to counsel for purposes of waiving his preliminary hearing.

Defendant lastly argues the court erred in denying his motion for a new trial. Section 115—4.1(e) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1985, ch. 38, par. 115—4.1(e)) sets forth the requirements for the granting of a new trial after a defendant has been convicted *in absentia.* It provides that a new trial will be granted if the defendant can establish that his failure to appear in court was both without his fault and due to circumstances beyond his control. A hearing on the motion was held on December 8, 1987.

A review of the record establishes that on April 14, 1987, defendant was advised that the trial was set for April 20, 1987, at 9:30 a.m., and he was given permission to go to Kentucky. On April 20 at 9:30 a.m., defendant's counsel indicated that at 8 a.m. he received a call from defendant, who indicated he was in Sullivan, Illinois, and he would appear. He failed to do so. Defendant's next appearance was, in custody, on September 9, 1987.

At the hearing, defendant testified he left Decatur on April 15 to go to Louisville, Kentucky, to gather evidence for his trial, where he arrived on the 16th. At the time he left, he had $20 to $25 in his possession. His plan was to ride back with Robert Hubbard, who was listed as a defense witness. On April 17, he contacted Hubbard and explained the situation. Hubbard advised that he believed he would be unable to attend the trial due to a prior commitment. They agreed that defendant would check back on April 19 to see if Hubbard could transport him.

Meanwhile, on the 18th, defendant made arrangements with Shirley Wilkerson to transport him on April 19 if Hubbard could not. On that day, Hubbard still could not leave, and Wilkerson encountered car trouble and could not go. Therefore, at 6 p.m. on April 19, defendant began hitchhiking. He only had $5.47 to his name and could not pay for a bus ticket.

By 7 a.m., he made it just north of Sullivan, Indiana, on U.S. Route 41. He called his counsel to tell him the situation, but his counsel must have assumed he meant Sullivan, Illinois. He finally arrived in Decatur at 6:30 p.m. on April 20. At that point, he first went to his counsel's office, but it was closed. He then hitchhiked to a truck stop in Effingham. The next day he tried to call his counsel, who was not in. Defendant then hitchhiked to East St. Louis. He eventually called the circuit clerk but gave him the wrong case number and was told the case was dismissed.

The court held that even assuming defendant's testimony was correct, it was still insufficient to establish defendant's failure to ap-

pear was both without his fault and due to circumstances beyond his control. A position with which we agree.

■ The purpose of the trial *in absentia* provisions is to allow trials to proceed when a defendant wilfully absents himself or fails to appear. This is an effort to maintain some semblance of control over the criminal justice system. When defendants fail to appear for trials, it creates burdens on the system by tying up courts and courtrooms which could have been used for another purpose and by inconveniencing witnesses and jurors. Moreover, the trial *in absentia* provisions also allow maintenance of crowded criminal dockets by defeating a defendant's desire to prolong a resolution of his case by failing to appear. Accordingly, in view of these policies, it is only under meritorious circumstances that a defendant, who is convicted *in absentia*, will be allowed a new trial.

■ In the present case, defendant was explicitly told on April 14 that he had to be back on April 20. Accordingly, it was incumbent upon him to allow enough time to return for trial. He did not do so, maintaining his rides fell through and he could not afford a bus ticket. This carries little weight since he has posted a total of $2,000 cash as bond. This bond was posted in three installments since he had to be arrested twice previously for failures to appear at earlier hearings. This latter fact also militates against a finding in his favor. It is clear defendant had little regard for the necessity of making scheduled court appearances. Having failed to demonstrate that his failure to appear was through no fault of his own and due to circumstances beyond his control, defendant's motion was properly denied.

The judgment of the circuit court of Macon County is affirmed.

Affirmed.

McCULLOUGH and SPITZ, JJ., concur.