THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MARLINA CANAL, a/k/a Marlena Lundgren, a/k/a Marlena Heggy, Defendant-Appellant.

Fourth District    Nos. 4—90—0496 through 4—90—0498 cons.

Opinion filed March 14, 1991.

Daniel D. Yuhas and John Anthony Palombi, both of State Appellate Defender's Office, of Springfield, for appellant.

Lawrence R. Fichter, State's Attorney, of Decatur (Kenneth R. Boyle, Robert J. Biderman, and Donna Dagnall, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE LUND delivered the opinion of the court:

On May 21, 1990, defendant Marlina Canal, following a trial *in absentia*, was found guilty by a jury sitting in the circuit court of Macon County of committing three counts of forgery. (Ill. Rev. Stat. 1989, ch. 38, par. 17—3(a).) She was subsequently sentenced to three years' imprisonment. Defendant now appeals.

The record reveals that on March 8, 1990, defendant appeared in court and pleaded not guilty. She was advised at that time that the trial was set for May 21, 1990, and a pretrial conference was to be held on May 7, 1990. She was also admonished, pursuant to section 113—4(e) of the Code of Criminal Procedure of 1963 (Code) (Ill. Rev. Stat. 1989, ch. 38, par. 113—4(e)), that if she failed to appear, the trial could proceed without her presence.

On May 7, 1990, she appeared, and the trial allotment was confirmed. On the day of trial, May 21, 1990, she was not present when the trial was to commence. The defense counsel had no idea as to her whereabouts. Upon the motion of the State, the trial proceeded without defendant. After the noon recess, counsel indicated his office had received a telephone call from defendant at approximately 12:50 p.m. She indicated she overslept and was now coming to court. It was counsel's belief that defendant was living in Springfield, even though her bond slip did not reflect this. Accordingly, the case was continued until 2 p.m. for her appearance, which never occurred. The trial proceeded, and defendant was found guilty.

On June 22, 1990, defendant filed a motion seeking a new trial. At the hearing she testified that upon posting bond in this case, she lived in a hotel in Springfield. She had been taken there by friends and dropped off, and she had no transportation from Springfield to Decatur. To get to court for the pretrial, she had to get money for a bus ticket from the Salvation Army. She believed her trial had been set for the same date as a codefendant sometime in June. Once she found out about the trial, she tried to get money from the Salvation Army for a bus ticket, but was told she could only get funds once every 30 days. Since she could not get the funds, she could not appear.

On cross-examination, she stated she moved to the hotel in Springfield the day after she bonded out. She could not live in Decatur because she had no place to go. She did not remember being told the trial was set for May 21, 1990. She stated she called defense counsel a couple of days after the trial and he told her there was a warrant for her arrest due to her failure to appear. However, later she admitted telling counsel on the day of the trial that she was com-

ing over. She maintained she did make it over later in the evening and went to counsel's office, but he was not present. She then went back to Springfield with the girl who gave her the ride.

The court denied the motion. Following the sentencing hearing, it imposed a three-year prison sentence on defendant. Defendant now appeals, asserting the court erred in failing to grant her motion for a new trial.

■ Section 115—4.1(e) of the Code (Ill. Rev. Stat. 1989, ch. 38, par. 115—4.1(e)) sets forth the requirements for the granting of a new trial after a defendant has been convicted *in absentia*. (*People v. Houston* (1988), 174 Ill. App. 3d 584, 590, 529 N.E.2d 292, 296.) It provides that a new trial will be granted if defendant can establish that her failure to appear was both without her fault and due to circumstances beyond her control. (Ill. Rev. Stat. 1989, ch. 38, par. 115—4.1(e).) The court concluded that defendant could not meet her burden.

The present case is factually similar to our earlier case of *Houston*. There, the defendant was allowed to go out of State pending trial, but was admonished he must be back on the date of trial. Defendant did not appear. He later testified that the rides he had arranged for had fallen through and that he could not afford a bus ticket. This court observed that it was incumbent upon defendant to appear for trial, and held that his motion for a new trial was properly denied. (*Houston*, 174 Ill. App. 3d at 591, 529 N.E.2d at 297.) We reach a similar conclusion here.

■ It is defendant's position that she was confused about the trial date and that she could not afford transportation to get to trial. However, defendant's testimony suffers from severe credibility problems. She first explained that she forgot the date, and did not find out she missed the trial until later, by happenstance, when she spoke with counsel and he advised her a warrant was outstanding. When asked to explain the midtrial phone call to counsel's office, she then admitted calling the day of the trial, stating she was coming to the trial. She stated she made efforts to do so, only to arrive too late. Obviously, these statements cannot be reconciled. On one hand she was confused and only found out later and, on the other hand, she attempted heroic efforts to arrive on time but could not. Thus, we find that defendant, by the obvious internal inconsistencies in her own testimony, has failed to meet her burden.

■ However, even if we accept her testimony, it is still insufficient. Once a defendant has been advised of a court date, she must appear. It is her responsibility to undertake all steps to do so. Here,

there is no explainable reason why she would live in Springfield rather than in Decatur. This is true especially since she had no transportation. If she was staying in a hotel in Springfield, she could just as easily have done so in Decatur. While she has a right to live where she wishes, it is her responsibility to ensure her arrival at the time and place of trial. The inability to arrange for transportation to the trial, when defendant sought to do so on the day of trial, is not a compelling justification for missing the trial. Nor is the forgetfulness of, or the confusion over, the date. If these two excuses were acceptable, then virtually every trial *in absentia* would be subject to being set aside. The beneficial purposes of these provisions (see *Houston*, 174 Ill. App. 3d at 591, 529 N.E.2d at 297) would be defeated. In short, it is difficult to conclude that reasons for her failure to appear in this case, being due to her confusion, forgetfulness, or her inability to arrange for transportation, which effort was just undertaken on the day of trial, are such as could be concluded to be without defendant's fault and due to circumstances beyond her control. Just the opposite conclusion is called for.

Affirmed.

McCULLOUGH and KNECHT, JJ., concur.