No. 3--96--0163

_________________________________________________________________

 IN THE

 APPELLATE COURT OF ILLINOIS

 THIRD DISTRICT

 A.D., 1997

THE PEOPLE OF THE STATE ) Appeal from the Circuit Court

OF ILLINOIS, ) of the 9th Judicial Circuit,

 ) Henderson County, Illinois

Plaintiff-Appellee, ) 

 )

v. ) No. 95--CF--10

 ) 

JAMES E. LINK,                  ) Honorable

                                ) David R. Hultgren

Defendant-Appellant. ) Judge, Presiding

_________________________________________________________________

JUSTICE HOMER delivered the opinion of the court:

_________________________________________________________________ 

Following a jury trial, defendant James E. Link was convict­ed of driving while his license was revoked (625 ILCS 5/6--303 (West 1996)).  Because of the defendant's driving record, the present offense constituted a Class 4 felony.  625 ILCS 5/6--303(d)(West 1996).  He was sen­tenced 
in
 
absen­tia
 to six years' impris­on­ment.  The defendant then filed a post-trial motion alleging that: (1) he was entitled to a new sentenc­ing hearing because he was not "willfully" absent from sentenc­ing; and (2) his sentence was excessive.  Follow­ing a hear­ing, the defendant's motion was denied.  The defen­dant appeals from the denial of that motion.  We affirm.

At trial it was established that on March 18, 1995, the defen­dant was driving his girlfriend's truck and was involved in an acci­dent.  The defendant's brother was injured and was taken by ambulance to the hospi­tal.  The defen­dant's license was re­voked at the time of the incident.  Based upon this evi­dence, the defen­dant was found guilty of driving while his license was revoked.

Following the verdict, the trial judge sched­uled the sen­tencing hearing for 9 a.m. on Septem­ber 18, 1995, and ex­press­ly in­formed the defen­dant in open court that if he failed to appear he could be sentenced 
in
  
absen­tia
 and lose his right to partici­pate in the hearing.  The judge took special care to warn the defen­dant that "it is im­portant for you to be here" and asked the defendant if he un­derstood that he could be sen­tenced 
in
 
absen­tia
.  The defendant re­spond­ed, "Yes, sir, I do."  

However, the defendant failed to appear for his September 18 sen­tencing hearing.  Defense counsel requested a continuance but admitted that he had sent the defendant notice of the hear­ing.  The trial court denied the request for a continuance, noting that the defen­dant had previously been noti­fied of the sentencing hearing, both in open court and by notice from defense coun­sel.  The court then reviewed the pre-sentence investigation report and heard arguments by the parties.

The State noted that the defendant was eligible for an extended-term sentence because he had previously been con­victed of the same or a similar class felony within the past 10 years.  730 ILCS 5/5--5--3.2(b)(1) (West 1996).  The State empha­sized that the defen­dant had an exten­sive criminal record, includ­ing a number of previous convic­tions for driving with a revoked li­cense.  Final­ly, the State noted that the defendant had just served two years in prison for a similar offense.  The State requested an in­crease in the penalty so that the defendant "gets the message."  Defense counsel, on the other hand, re­quested proba­tion, urging that this was "an isolat­ed and unusual circum­stance."

Following the arguments of counsel, the court sentenced the defendant to the maximum extended term of six years' impris­on­ment.  The defendant subsequently filed a motion to reconsider sentence.  The defendant alleged that he was entitled to a new sentencing hearing because he had not been informed he could be sen­tenced 
in
 
absentia
.  The defendant also claimed that his sentence was excessive.  Following a hearing, the trial court denied the defendant's motion.  The defendant appeals.

The defendant first argues that the trial court should have granted him a new sentencing hearing because he was not "willful­ly" absent from his sentencing hearing.  At the hearing on his motion to reconsider sentence, the defendant testified that he could not recall being provided with a sentencing date at trial.  Further, he could not recall receiving any notice from his attorney.  At the time of his trial, he was living in Oquawka, but he subsequently moved in order to work for his brother-in-law in Peoria.  Because he was out of town, defendant did not receive notice from his attorney.  Additionally, maintained the defen­dant, he never before failed to appear for a court date.

A defendant may be tried or sentenced 
in
 
absentia
 if the defendant willfully absents himself from the trial or the sen­tencing hearing.  725 ILCS 5/115--4.1 (West 1996).  To estab­lish a 
prima
 
facie
 case of willful absence, the State must prove: (1)  the defendant was in­formed of the date of the proceeding; (2) the defendant was warned his failure to appear may result in the proceedings continuing 
in
 
absentia
; and (3) the defendant failed to appear.  
People v. Nivens
, 239 Ill. App. 3d 1, 603 N.E.2d 1275 (1992).  

Here, the defendant was noti­fied in open court that sen­tencing was sched­uled for Septem­ber 18, 1995.  He was also advised that if he failed to appear on that date, sentencing might proceed 
in
 
absentia
.  When asked if he understood that he could be sentenced 
in
 
absentia
 if he failed to appear, the defendant responded, "Yes, sir, I do."  Never­the­less, the defen­dant failed to appear for the scheduled sentencing hearing.  Under these circumstances, there is no doubt that the State estab­lished a 
prima
 
facie
 case of willful absence.

The defendant argues that the State's 
prima
 
facie
 case of willful absence was overcome by evidence that his failure to appear was not "will­ful."  Specifically, the defendant argues that a defendant is not will­ful­ly absent where he "fails to appear for his sentencing hearing due to forget­ful­ness or confu­sion about the court date."  The defendant provides no case law in support of this claim.  More­over, our review of the case law reveals the defendant's claim is contrary to the prevailing law.

It is the defendant's duty to keep track of his court dates and to appear when re­quired.  
Nivens
, 239 Ill. App. 3d 1, 603 N.E.2d 1275.  Accepting forget­fulness or confusion as an excuse for failing to appear would result in virtually every 
in
 
absen­tia
 pro­ceed­ing being subject to reversal.  
People v. Canal
, 210 Ill. App. 3d 733, 569 N.E.2d 233 (1991).  Therefore, absences result­ing from  forgetfulness or confu­sion will not warrant new pro­ceed­ings.  
Nivens
, 239 Ill. App. 3d at 7, 603 N.E.2d at 1280.  Accordingly, the trial court proper­ly denied the defendant's request for a new sentenc­ing hearing. 

The defendant next argues that the six-year extended-term sentence imposed by the trial court was exces­sive.  

We initially note that our review of this issue is greatly ham­pered by the defendant's failure to incorporate into the appel­late record a copy of the defen­dant's pre-sentence investi­ga­tion report.  We believe the defendant's failure to include that report in the appellate record provides, in and of itself, a sufficient basis for affirming the sentence imposed by the trial court.  See 
People v. Smith
, 214 Ill. App. 3d 327, 574 N.E.2d 784 (1991).  However, even without that report it appears the sen­tence imposed by the trial court was justified.

When sen­tencing the defen­dant, the trial court ex­press­ly stated: 

     "I find that the defen­dant has a history of prior delinquency, and in fact specif­ical­ly find this is one of the most egregious histo­ries of delin­quency that I believe this Court has seen. *** This is a defendant who has an extensive record of driving while revoked, apparently simply ignoring the legal require­ments in that respect.

I find in aggravation that a sentence here to the Department of Corrections is necessary to deter others and frankly to get this defendant's attention.  In argument, it was suggested this was an isolated cir­cum­stance arising out of a unique set of facts.  Maybe a unique set of facts, but I don't think it is an isolated circumstance based upon defendant's record[.]  I think the de­fendant had his chance in 1989, 1991, in 1993, and even two years in the Department of Corrections was not enough to get this de­fendant's attention that without a license you are not entitled to drive.

***

*** [T]he defendant's conduct in this case was enhanced from a misdemeanor to a felony by the traffic conviction 91--TR--411.  I think because of felony convictions 93--CF--2 in Warren County, 93--CF--1 in Henderson County, 93--CF--41 in Mercer Coun­ty, I think extended term is applicable here, and for all of the preceding reasons, I sentence the de­fen­dant to a maximum term of six years in the Department of Corrections."

It is clear that the defendant received a severe sentence.  Howev­er, based upon the trial judge's comments at sentencing it appears that such a sentence was justified by the defendant's criminal history.  Therefore, we are unable to say that the six-year term of imprison­ment constituted an abuse of discre­tion.

For the foregoing reasons, the judgment of the circuit court of Henderson County is affirmed.

Affirmed.

MICHELA and MCCUSKEY, JJ., concur.