NOTICE

Decision filed 10/19/09. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

NO. 5-08-0166

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from the
                                                   ) Circuit Court of
    Plaintiff-Appellee, ) Perry County.
                                                   )
v. ) No. 04-CF-107
                                                   )
KEVIN D. McBRIDE, ) Honorable
                                                   ) James W. Campanella,
    Defendant-Appellant. ) Judge, presiding.
_____

        PRESIDING JUSTICE WEXSTTEN delivered the opinion of the court:

        After the trial court sentenced him to a 12-year extended term of imprisonment with credit for time served on probation, the defendant, Kevin D. McBride, filed a motion to reconsider, challenging the extended-term portion of the sentence. Thereafter, the trial court reduced the defendant's sentence to a seven-year nonextended term but denied him the previously awarded probation credit. On appeal, the defendant maintains that the trial court's modification of his sentence improperly increased it in violation of section 5-8-1(c) of the Unified Code of Corrections (the Code) (730 ILCS 5/5-8-1(c) (West 2006)). For the reasons that follow, we agree and reverse.

BACKGROUND

        In March 2004, in Perry County case number 04-CF-50, the defendant was charged with one count of unlawful possession of a weapon by a felon (720 ILCS 5/24-1.1(a) (West 2004)) and one count of criminal trespass to state-supported land (720 ILCS 5/21-5(a) (West 2004)). In July 2004, in Perry County case number 04-CF-107, the defendant was charged with one count of harassment of a witness (720 ILCS 5/32-4a(a)(2) (West 2004)) and one

1

count of aggravated battery (720 ILCS 5/12-4(b)(8) (West 2004)).

In November 2004, pursuant to negotiations with the State, the defendant pled guilty to the weapons charge in case number 04-CF-50 and the harassment-of-a-witness charge in case number 04-CF-107. In exchange for his plea, the remaining counts in both cases were dismissed, and he was sentenced to a four-year term of imprisonment in case number 04-CF-50 and a 30-month term of probation in case number 04-CF-107. The term of probation was ordered to run consecutively to the term of imprisonment.

In August 2005, in Perry County case number 05-CF-108, the defendant was charged with one count of residential burglary (720 ILCS 5/19-3(a) (West 2004)), one count of criminal trespass to state-supported land (720 ILCS 5/21-5(a) (West 2004)), and one count of resisting a peace officer (720 ILCS 5/31-1(a) (West 2004)). In November 2005, pursuant to negotiations with the State, the defendant pled guilty to the residential burglary charge in exchange for a five-year prison sentence and the dismissal of the remaining counts against him. The term of probation imposed in case number 04-CF-107 was deemed to have begun on August 12, 2005–the day that the defendant was released from prison in case number 04-CF-50–and was ordered to run concurrently with the five-year prison sentence imposed in case number 05-CF-108.

In October 2007, after the defendant had been charged with three counts of resisting a peace officer (720 ILCS 5/31-1(a) (West 2006)) and one count of battery (720 ILCS 5/12-3(a)(1) (West 2006)), the State filed a petition to revoke his probation in case number 04-CF-107. In November 2007, following a hearing on the petition, the trial court revoked the defendant's probation after finding that he had violated its terms.

In January 2008, the cause proceeded to a resentencing hearing in case number 04-CF-107. Arguing that the defendant's previous convictions in case numbers 04-CF-50 and 05-CF-108 made him eligible for an extended-term sentence pursuant to section 5-5-

3.2(b)(1) of the Code (730 ILCS 5/5-5-3.2(b)(1) (West 2004)), the State asked the trial court to impose the maximum available prison sentence of 14 years. See 720 ILCS 5/32-4a(a)(2) (West 2004); 730 ILCS 5/5-8-2(a)(4) (West 2004). Defense counsel argued that, because the defendant's conviction in case number 04-CF-50 was entered at the same time as his conviction in case number 04-CF-107 and because the defendant's conviction in case number 05-CF-108 was entered after he had been convicted in case number 04-CF-107, the defendant's convictions in case numbers 04-CF-50 and 05-CF-108 did not constitute previous convictions for purposes of section 5-5-3.2(b)(1). The trial court ultimately resolved the issue in the State's favor and determined that the defendant's conviction in case number 04-CF-50 made him eligible to receive an extended-term sentence. Thereafter, the court sentenced the defendant to a 12-year extended-term prison sentence with credit for time served while on probation pursuant to section 5-6-4(h) of the Code (730 ILCS 5/5-6-4(h) (West 2004)). The court then admonished the defendant that, to properly challenge his sentence on appeal, he needed to file a motion for reconsideration within 30 days.

In February 2008, the defendant filed a timely motion to reconsider the sentence (see 730 ILCS 5/5-8-1(c) (West 2006)), in which he reiterated his contention that, because his convictions in case numbers 04-CF-50 and 04-CF-107 were entered simultaneously, his conviction in case number 04-CF-50 did not constitute a previous conviction for purposes of section 5-5-3.2(b)(1). The defendant maintained that a seven-year prison sentence was the maximum sentence that he could have properly received following the revocation of his probation in case number 04-CF-107, and he asked that the trial court reduce his sentence accordingly.

In March 2008, the trial court held a hearing on the defendant's motion to reconsider. In addition to raising the defendant's section 5-5-3.2(b)(1) argument, defense counsel noted, *inter alia*, that when the defendant entered his plea in case number 04-CF-107, the court and

3

the State had both stated that he was not eligible to receive an extended-term sentence. Acknowledging that was the case, the trial court vacated the extended-term portion of the defendant's sentence, thus reducing it to a seven-year prison term. The court then announced that it was denying the defendant the previously awarded credit for time served on probation and was only awarding him credit for his time served following his arrest on the charges underlying the State's petition to revoke probation. The defendant complained about the court's denial of his probation credit, but the court noted that the defendant would ultimately be released from prison "about two months earlier that what [he had been] originally scheduled out for on the 12 years." The trial court did not admonish the defendant that he had needed to file a second motion to reconsider sentence to preserve any sentencing issue that he might want to raise on appeal. In April 2008, the defendant filed a timely notice of appeal.

DISCUSSION

Section 5-8-1(c) of the Code states, in pertinent part, as follows: "A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within 30 days after the sentence is imposed. *** However, the court may not increase a sentence once it is imposed."[1] 730 ILCS 5/5-8-1(c) (West 2006). " 'Sentence' is the disposition imposed by the court on a convicted defendant." 730 ILCS 5/5-1-19 (West 2006).

On appeal, the defendant argues that, when modifying his sentence in case number 04-CF-107, the trial court violated section 5-8-1(c)'s prohibition against increasing a sentence

---

[1]We note that the legislature recently repealed section 5-8-1(c), and it recodified the rules governing motions to reduce sentence, in a newly created section 5-4.5-50(d), which also states, "The court may not increase a sentence once it is imposed" (730 ILCS 5/5-4.5-50(d) (West 2008)). Pub. Act 95-1052, eff. July 1, 2009 (amending 730 ILCS 5/5-8-1 (West 2008) and adding 730 ILCS 5/5-4.5-50).

4

by denying him the credit for time served on probation that it had previously awarded him. In response, the State suggests that the defendant has forfeited this claim by not filing a second motion to reconsider his sentence and that, forfeiture aside, the defendant's argument is without merit because he ultimately received a sentence less than that originally imposed.

We first address the State's forfeiture argument. "Normally, any sentencing issues not raised in a motion to reconsider the sentence are forfeited." *In re Angelique E.*, 389 Ill. App. 3d 430, 432 (2009). Here, although the defendant did not file a second motion to reconsider his sentence, he complained when the court stated that it was denying him the previously awarded probation credit, and he was not admonished that he needed to file a second motion to reconsider to preserve his complaint for appellate review. Under the circumstances, a relaxation of the forfeiture rule is appropriate. See *People v. Dowding*, 388 Ill. App. 3d 936, 942 (2009). Furthermore, because an improper increase in sentence is a matter affecting a defendant's substantial rights, the instant claim is reviewable as plain error. See *People v. Barnes*, 194 Ill. App. 3d 527, 529 (1990). We will therefore address the merits of the argument that the defendant raises on appeal.

"Under well-settled rules of statutory construction, section 5-8-1(c) is to be interpreted according to the plain meaning of its terms, in order to ascertain and give effect to the intent of the legislature, bearing in mind the reasons for the provision, the harms to be remedied, and the goals to be achieved." *People v. Kilpatrick*, 167 Ill. 2d 439, 443 (1995). "Because the construction of a statute is a matter of law, review is *de novo*." *In re Application of the County Treasurer & ex officio County Collector*, 389 Ill. App. 3d 398, 401 (2009).

"[Section 5-8-1(c)] is consistent with the United States Supreme Court's decision in *North Carolina v. Pearce* (1969), 395 U.S. 711, 23 L. Ed. 2d 656, 89 S. Ct. 2072, in which the Court stated that due process may prohibit a judge from imposing a more severe sentence when the defendant has been convicted following a retrial because a greater sentence may

5

penalize the defendant's right to challenge his conviction and sentence." *People v. Jones*, 168 Ill. 2d 367, 371-72 (1995). Because a defendant should not have to "run the risk" that challenging his sentence in the trial court might "result in a resentencing of increased length," section 5-8-1(c) should be interpreted so that it does not lend itself to the possibility that a defendant will be "penalized for his efforts to seek and obtain relief with respect to alleged errors in the sentence he received." *Kilpatrick*, 167 Ill. 2d at 447. We must also presume that, as used in section 5-8-1(c), the word "sentence" refers to a valid sentence or the valid portion of a sentence. See *People v. Garcia*, 179 Ill. 2d 55, 73 (1997); *People v. Lee*, 376 Ill. App. 3d 951, 967 (2007).

Here, when entering his guilty plea in case number 04-CF-107, the defendant was not advised that an extended-term sentence was a possibility. As a result, the extended-term portion of his sentence was void pursuant to section 5-8-2(b) of the Code (730 ILCS 5/5-8-2(b) (West 2006)), and the trial court properly vacated it. See *People v. Taylor*, 368 Ill. App. 3d 703, 707-08 (2006). Whether to award the defendant sentencing credit for his time spent on probation was a matter within the trial court's discretion. See *People v. Whitfield*, 228 Ill. 2d 502, 507 (2007); 730 ILCS 5/5-6-4(h) (West 2006). Had the defendant not challenged his sentence in the trial court, however, he could have had the extended-term portion vacated on direct appeal without losing the probation credit that he had previously been awarded. If the extended-term portion of a sentence is void, a defendant can attack it any time, and such a challenge "is not subject to waiver." *People v. Thompson*, 209 Ill. 2d 19, 27 (2004); see also *People v. Muntaner*, 339 Ill. App. 3d 887, 889 (2003) ("When a sentence greater than that authorized by statute is imposed, the excess portion of that sentence is void and may be attacked at any time"). Thus, by denying the defendant the probation credit that it had previously awarded him, the trial court, in effect, penalized him for correcting the error in the sentence that he received, because the court, in effect, increased the length of the *valid*

6

sentence that had been originally imposed.  See *People v. Hills*, 78 Ill. 2d 500, 507-08 (1980).  "[T]he trial court may not increase a sentence once it has been imposed by subsequently denying credit for time served on probation since such a denial would result in an increased length of sentence."  *People v. Tackett*, 130 Ill. App. 3d 347, 349 (1985).  The State's argument that section 5-8-1(c) was not violated in the present case ignores that the extended-term portion of the sentence originally imposed was "void from its inception" and that only the "legally authorized portion" was valid (*People v. Brown*, 225 Ill. 2d 188, 203, 205 (2007)).

The valid sentence that the trial court originally imposed when resentencing the defendant in case number 04-CF-107 was a seven-year term of imprisonment with credit for time served on probation.  By taking away the previously awarded probation credit when vacating the void portion of the sentence, the trial court impermissibly increased the previously imposed sentence in violation of section 5-8-1(c).

The defendant's term of probation commenced on August 12, 2005.  When modifying the defendant's sentence, the trial court awarded him sentencing credit from October 3, 2007. As a result of the court's modification, the defendant lost 782 days of sentencing credit. Pursuant to Supreme Court Rule 615(b)(1) (134 Ill. 2d R. 615(b)(1)), we therefore order that the defendant's mittimus be amended to reflect credit for the 782 days that the defendant served on probation.  See *People v. McCray*, 273 Ill. App. 3d 396, 403 (1995).

CONCLUSION

For the foregoing reasons, we reverse the trial court's judgment and order that the defendant's mittimus be amended accordingly.


Reversed; mittimus to be corrected.

CHAPMAN and STEWART, JJ., concur.

NO. 5-08-0166

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

<table>
<tr><td>THE PEOPLE OF THE STATE OF ILLINOIS,</td><td>)</td><td>Appeal from the</td></tr>
<tr><td></td><td>)</td><td>Circuit Court of</td></tr>
<tr><td>Plaintiff-Appellee,</td><td>)</td><td>Perry County.</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>v.</td><td>)</td><td>No. 04-CF-107</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>KEVIN D. McBRIDE,</td><td>)</td><td>Honorable</td></tr>
<tr><td></td><td>)</td><td>James W. Campanella,</td></tr>
<tr><td>Defendant-Appellant.</td><td>)</td><td>Judge, presiding.</td></tr>
</table>

**Opinion Filed**:        October 19, 2009

**Justices**:      Honorable James M. Wexstten, P.J.

              Honorable Melissa A. Chapman, J., and
              Honorable Bruce D. Stewart, J.,
              Concur

**Attorneys for Appellant**     Michael J. Pelletier, State Appellate Defender, Jo Beth Weber, Deputy Defender, Rita K. Peterson, Assistant Appellate Defender, Office of the State Appellate Defender, Fifth Judicial District, 117 North Tenth Street, Suite #300, Mt. Vernon, IL 62864

**Attorneys for Appellee**     Hon. David Stanton, State's Attorney, Perry County Courthouse, P.O. Box 377, Pinckneyville, IL 62274; Pat Delfino, Director, Stephen E. Norris, Deputy Director, Kelly M. Stacey, Staff Attorney, Office of the State's Attorneys Appellate Prosecutor, 730 E. Illinois Highway 15, Suite 2, P.O. Box 2249, Mt. Vernon, IL 62864