NOTICE

Decision filed 12/13/22. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2022 IL App (5th) 190458-U

NO. 5-19-0458

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | White County. |
| | ) | |
| v. | ) | No. 17-CF-160 |
| | ) | |
| CROCKETT N. WADE, | ) | Honorable |
| | ) | T. Scott Webb, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE MOORE delivered the judgment of the court.
Justices Barberis and Vaughan concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Where the defendant failed to establish that his absence from the sentencing hearing was due to circumstances beyond his control, and there was no error in imposing a Class X sentence as the result of his prior convictions, and since any argument to the contrary would lack merit, we grant defendant's appointed counsel on appeal leave to withdraw and affirm the circuit court's judgment.

¶ 2    Defendant, Crockett N. Wade, pleaded guilty to aggravated battery of a police officer (720 ILCS 5/12-3.05(d)(4) (West 2016)). At a hearing at which defendant was not present, the circuit court sentenced him to 18 years' imprisonment. After defendant was apprehended, the court denied his motion for a new sentencing hearing, finding that his absence was not due to circumstances beyond his control. Defendant appealed. The trial court appointed the Office of the State Appellate Defender (OSAD) to represent defendant on appeal.

1

¶ 3    OSAD has filed a motion to withdraw as counsel and a supporting brief, concluding that this appeal lacks even arguable merit. See *Anders v. California*, 386 U.S. 738 (1967). OSAD has provided defendant with copies of its motion and brief. This court has allowed defendant ample time to file a response explaining why the appeal has merit, but he has not done so. Having read OSAD's *Anders* motion and brief and examined the record on appeal, we conclude that the appeal does indeed lack merit. There is no potential ground for appeal. Accordingly, we grant OSAD leave to withdraw and affirm the circuit court's judgment.

¶ 4                                    BACKGROUND

¶ 5    In exchange for defendant's plea, the State agreed to dismiss three additional charges and jointly recommend a sentence of eight years' imprisonment. By virtue of his prior convictions, defendant was eligible for Class X sentencing. The State's sentencing concession was contingent upon defendant's appearance at a sentencing hearing scheduled for January 3, 2018. If defendant failed to appear, the State would withdraw its sentencing concession and defendant would be eligible for any sentence within the Class X range of 6 to 30 years. The circuit court accepted the plea agreement and admonished defendant accordingly. The court added that if defendant failed to appear for sentencing, "the likelihood of that [sentence] being eight years or less is virtually nil."

¶ 6    Nevertheless, defendant failed to appear for the sentencing hearing. The State argued for a 20-year sentence, while defense counsel suggested a sentence of 8 to 10 years. The court imposed an 18-year sentence.

¶ 7    Defendant was arrested on April 28, 2019, and was brought before the court the next day. Defense counsel orally moved for a new sentencing hearing. Pursuant to section 115-4.1(e) of the Code of Criminal Procedure of 1963 (725 ILCS 5/115-4.1(e) (West 2018)), the court conducted a

2

hearing to determine whether defendant's failure to appear was without his fault and due to circumstances beyond his control.

¶ 8    Defendant explained that after his guilty plea he went to Smyrna, Tennessee, to spend Christmas with relatives. After visiting his family, he went to a rescue mission in Nashville, where he learned that his family members would not provide him with funds to return home. He found employment in Nashville and subsequently began using crack cocaine. Defendant acknowledged that he "put [himself] in the position *** to not make it here."

¶ 9    The court found that defendant's failure to appear at sentencing was not the result of circumstances beyond his control. Accordingly, it denied his motion for a new sentencing hearing.

¶ 10    On May 22, 2019, defendant filed a *pro se* motion to reduce sentence and a notice of appeal. The circuit court struck the notice of appeal as premature. On October 21, 2019, the court dismissed defendant's sentencing motion as untimely. Defendant filed a notice of appeal on November 4, 2019.

¶ 11                                      ANALYSIS

¶ 12    OSAD suggests three substantive issues for appeal. Before discussing the merits of those issues, OSAD contends that we must consider our jurisdiction. OSAD concludes that we do in fact have jurisdiction. OSAD apparently reasons as follows. The May 22 notice of appeal was effective to confer appellate jurisdiction because the simultaneously filed motion to reduce sentence was essentially a nullity. Because defendant entered into a plea agreement that included sentencing concessions from the State, Illinois Supreme Court Rule 604(d) did not permit him to challenge his sentence without moving to withdraw the plea and, in any event, the sentencing motion was filed more than 60 days after sentencing. Thus, defendant's motion to reconsider the sentence did not invoke the circuit court's jurisdiction, and the court's order striking the May 22

3

notice of appeal—entered more than 30 days after its order finding that defendant's absence was not due to conditions beyond his control—was void.

¶ 13    We agree that we have jurisdiction, but for different reasons.  Defendant's May 22 motion to reduce sentence did invoke the circuit court's jurisdiction.  The absent-defendant statute allows a defendant who was absent from his trial or sentencing hearing to establish whether his absence was "both without his fault and due to circumstances beyond his control."  725 ILCS 5/115-4.1(e) (West 2020).  Moreover, a defendant whose motion has been denied may appeal the ruling.  *Id.* § 115-4.1(g).  The notice of appeal "may also include a request for review of the judgment and sentence not vacated by the trial court."  *Id.*

¶ 14    Any sentencing issues not raised in a motion to reconsider the sentence are forfeited on appeal.  *People v. McBride*, 395 Ill. App. 3d 204, 208 (2009).  It would make no sense to allow a defendant to challenge his sentence on appeal but not allow him to file in the trial court a motion to reconsider the sentence, thus forfeiting any sentencing issues on appeal.  See *In re Village of Campton Hills*, 399 Ill. App. 3d 160, 163 (2010) (in construing statutes, courts presume that the legislature did not intend absurdity, inconvenience, or injustice).

¶ 15    Moreover, under the unique circumstances here, Rule 604(d) did not require defendant to seek withdrawal of his plea.  Rule 604(d) provides as follows:

> "No appeal shall be taken upon a negotiated plea of guilty challenging the sentence as excessive unless the defendant, within 30 days of the imposition of sentence, files a motion to withdraw the plea of guilty and vacate the judgment.  For purposes of this rule, a negotiated plea of guilty is one in which the prosecution has bound itself to recommend a specific sentence, or a specific range of sentence, or where the prosecution has made

4

concessions relating to the sentence to be imposed and not merely to the charge or charges then pending." Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

¶ 16 Here, while the State originally made sentencing concessions, in addition to dismissing other charges, to obtain defendant's plea, that agreement no longer existed at the time of the sentencing hearing. Defendant forfeited his right to sentencing concessions by being voluntarily absent from the hearing. At that hearing, the State was free to—and did—ask for any sentence within the applicable range. At that point, the plea was the equivalent to an open plea and defendant could ask the court to reduce the sentence without seeking to withdraw the plea. See *People v. Gooch*, 2014 IL App (5th) 120161, ¶ 22 (a plea bargain that is silent as to sentencing is equivalent to an open plea, permitting a defendant to file a motion to reconsider sentence where only the sentence is challenged). In any event, while Rule 604(d)'s motion requirement has been held to be a "condition precedent" to an appeal (see *People v. Wilk*, 124 Ill. 2d 93, 107 (1988)), it is not "jurisdictional" in the strict sense that the lack of a proper Rule 604(d) motion deprives a court of the power to act. *In re William M.*, 206 Ill. 2d 595, 601 (2003).[1]

¶ 17 Thus, defendant's motion to reduce sentence properly invoked the circuit court's jurisdiction and its striking of the May 22 notice of appeal was proper. See *People v. Everage*, 303 Ill. App. 3d 1082, 1086 (1999) (if a postsentencing motion is timely filed, the circuit court must consider the motion, and for purposes of perfecting an appeal, no final judgment is considered entered until the motion is disposed of by the circuit court). However, after the circuit court

---

[1]We assume without deciding that section 115-4.1(g) must be read *in pari materia* with Rule 604(d), so that where a plea agreement including sentencing concessions is in place, a defendant may not raise sentencing issues on appeal from the denial of a section 115-4.1(e) motion despite the express statutory authorization to do so.

5

dismissed defendant's motion to reduce sentence, defendant filed a second notice of appeal within 30 days. The second notice of appeal conferred appellate jurisdiction.

¶ 18    Having concluded that we indeed have jurisdiction of this appeal, we turn to the merits. The first potential issue on appeal is whether the trial court correctly found that defendant's absence from the sentencing hearing was "both without his fault and due to circumstances beyond his control." 725 ILCS 5/115-4.1(e) (West 2020). We will not overturn a trial court's decision on a motion for new trial absent an abuse of discretion. *People v. Bushey*, 170 Ill. App. 3d 285, 289 (1988).

¶ 19    In *People v. Houston*, 174 Ill. App. 3d 584 (1988), the defendant went to Louisville, Kentucky, five days before his scheduled trial date. He had only $20-$25 with him and intended to get a ride back to Illinois with friends. When his friends were unable to drive him, he hitchhiked back but arrived too late. The reviewing court affirmed the circuit court's refusal to grant a new trial. The court noted that defendant knew he had to be back by April 20, and it was incumbent upon him to allow enough time to return. *Id.* at 591.

¶ 20    *Houston* is similar to this case in that the defendant left the state shortly before trial, relying solely on his family's generosity to get back to Illinois in time for the sentencing hearing. At least Houston made some effort to get back for his trial by hitchhiking. Here, the defendant, who admitted that he put himself in the position to miss the sentencing hearing, apparently made no such effort. After his family refused to finance his return trip to Illinois, he simply remained in Nashville, making no effort to contact his attorney or court personnel. Under the circumstances, the court did not err in finding that defendant's absence was not the result of circumstances beyond his control.

¶ 21    The second and third potential issues, although not specifically implicated by defendant's appeal following the section 115-4.1 hearing, concern whether defendant's Class X sentence was proper. OSAD concludes that it was, and we agree. Section 115-4.1(g) allows a defendant to raise sentencing issues following the denial of a request for a new trial or sentencing hearing under that section.

¶ 22    Aggravated battery of a police officer is normally a Class 2 felony. 720 ILCS 5/12-3.05(h) (West 2016). However, section 5-4.5-95(b) of the Unified Code of Corrections provides that, subject to certain conditions:

"When a defendant, over the age of 21 years, is convicted of a Class 1 or Class 2 felony, after having twice been convicted in any state or federal court of an offense that contains the same elements as an offense now (the date the Class 1 or Class 2 forcible felony was committed) classified in Illinois as a Class 2 or greater Class felony and those charges are separately brought and tried and arise out of different series of acts, that defendant shall be sentenced as a Class X offender." 730 ILCS 5/5-4.5-95(b) (West 2016).

¶ 23    Here, defendant was 45 years old. He had three prior convictions of possession of a methamphetamine precursor. Each conviction involved a separate incident, and all predated the offense at issue here. Thus, defendant qualified for Class X sentencing.

¶ 24    In a related issue, there is no question whether Class X sentencing under this provision constituted an impermissible double enhancement. OSAD observes that defendant's prior convictions resulted in his eligibility for Class X sentencing and the court also considered those convictions in aggravation at sentencing. A double enhancement occurs when either (1) a single factor is used both as an element of an offense and as a basis for imposing a harsher sentence than might otherwise have been imposed, or (2) the same factor is used twice to elevate the severity of

7

the offense itself. *People v. Guevara*, 216 Ill. 2d 533, 545 (2005). The prohibition against double enhancements is a rule of statutory construction, so that where the legislature clearly intends for there to be a double enhancement, and that intention is clearly expressed, there is no prohibition. *Id.*

¶ 25 In *People v. Sherman*, 2020 IL App (1st) 172162, ¶ 54, the court held that it was not an impermissible double enhancement to consider in aggravation the same convictions that were the predicate for the defendant's conviction of being an armed habitual criminal. This was so because the legislature has mandated that a sentencing court consider a defendant's criminal history in assessing his rehabilitative potential. *Id.* (citing 730 ILCS 5/5-5-3.2(a)(3) (West 2016)). Because the court was required to consider defendant's criminal history in imposing a sentence within the Class X range, there was no impermissible double enhancement.

¶ 26                                    CONCLUSION

¶ 27 Because there is no meritorious issue that could support an appeal, we grant OSAD's *Anders* motion and affirm the judgment of the circuit court of White County.


¶ 28 Motion granted; judgment affirmed.